In the Matter of the Application of JAMES A. CONNELL, Petitioner, for a Peremptory Order of Mandamus against THE PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK (State Division, Department of Public Service of the State of New York), and Others, Constituting as Such the Public Service Commission of the State of New York and State Division of the Department of Public Service of Said State of New York, and Another.

Supreme Court, Albany County, May 8, 1934.

*Travis, Brownback & Paxson* [*Neile F. Towner* and *Jesse J. Holland* of counsel], for the application.

*Charles G. Blakeslee* [*John J. Donohue* of counsel], opposed.

LOUGHRAN, J. The answering affidavit of the secretary of the Public Service Commission concedes that, as such secretary, he has charge of the books and records of the Commission, and that there are two " papers and records in the files of the said Public Service Commission relating to the said matter." The description of these papers in his answering affidavit must be accepted, viz.: "(1) A paper purporting to be a carbon copy of a bill submitted by Felix Morrow for services in attempting to serve the said subpœna. (2) An unsigned paper purporting to be a carbon copy of a monthly statement of accounts dated October 9, 1931, covering certain accounts for the month of September, 1931, and that among the numerous items set forth in said statement is the account of Felix Morrow."

This application is opposed solely on the ground that such papers are not public records in the sense of Public Service Commission Law, section 16, subdivision 1, which provides: " All proceedings of each commission and all documents and records in its possession shall be public records." The controversy is thus reduced to a question of statutory construction.

" The word ' all,' as an adjective of number, means the whole number of; every one of. * * * In considering whether the statute of Merton, in which the words *omnes viduæ* were used, applied to each of the five kinds of dower, Lord COKE observed: ' *Qui omne dicit, nihil excludit* '— who says all does exclude nothing. Coke's Inst. (second part), 81. We would not be understood, however, as asserting that the word, as used in legislation, is always to be understood as an all inclusive one. As so used, it is a general term, which is to be understood as comprehending whatever is within the outmost circle of the meaning of the word, unless, after subjecting the statute to interpretation and construction, there is sufficient reason for holding that the term was not used in so broad a sense. * * * There must be a reason which warrants the court in concluding that the word was not used according to

244

its primary meaning to justify a holding that it was used in a more restricted way, for courts cannot create exceptions in the operation of statutes." (*Pittsburgh, etc., Ry. Co.* v. *Lightheiser*, 163 Ind. 247, 259.) (See, *Wooster* v. *Van Vechten*, 10 Johns. 467; *Bradley* v. *Buffalo, etc., R. R. Co.*, 34 N. Y. 427.)

The papers in question are in the files of the Public Service Commission in the custody of its secretary who describes them as " records." By the terms of the statute records of the Commission are no less public than its proceedings. The legislation does not contemplate that the Commission may have private records in its official possession.

The sole answer to this application is that " said papers purporting to be carbon copies of said bill and said monthly statement of accounts are not required to be filed in the office of the commission by reason of any law or rule of said commission but are kept solely and exclusively for the information of the said commission." That answer is insufficient. (*Burton* v. *Tuite*, 78 Mich. 363, 372.)

Application granted, with ten dollars costs.