In the Matter of ANGELINE P. ZUPPA, as Administratrix of the Estate of JOSEPH T. ZUPPA, Deceased, Petitioner, against MILO R. MALTBIE et al., Constituting the Public Service Commission of the State of New York, Respondents.

Supreme Court, Special Term, Ulster County, December 27, 1947.

*Stephen K. Bock* for petitioner.

*Philip Halpern* and *Richard C. Llope* for respondents.

MURRAY, J.   Petitioner's intestate, Joseph T. Zuppa, suffered death by electrocution on the 2d day of August, 1947, on the premises of the Central Hudson Gas and Electric Corporation (hereinafter called for brevity Gas and Electric Corporation) at Poughkeepsie, New York.   His widow, petitioner, applies for an order under article 78 of the Civil Practice Act to compel respondents to allow her to inspect and to also furnish her with a certified copy of the report of the accident in which her husband was killed.   The report was filed with respondents by the Gas and Electric Corporation pursuant to orders of the Public Service Commission.   The contention of petitioner is that the report filed by the Gas and Electric Corporation is a public record.   With her request for a certified copy of the report she tendered a fee of $2 to respondents.   They have refused inspection or delivery of a certified copy and have returned the fee.   The position of respondents is that the report is not a public record but a confidential communication and that the only purpose of their having it is to enable them to adopt such appropriate orders requiring such changes or improvements in a utility's equipment or practices as will in the future prevent unnecessary accidents.

Petitioner is not motivated by idle curiosity nor activated in any way except to ascertain as far as she can how her husband met his death.   There is no question but that she has a real and

substantial interest in the report. The problem to be solved is a question of construction of the applicable statutes.

Subdivision 1 of section 16 of the Public Service Law provides: " All proceedings' of the commission and *all* documents and records in its possession shall be public records ". (Italics supplied.)

Section 47 of the Public Service Law which pertains to any common carrier, railroad or street railroad is as follows: " The commission shall investigate the cause of all accidents on any railroad or street railroad subject to its jurisdiction which result in loss of life or injury to persons or property, and which in its judgment shall require investigation. Every common carrier, railroad corporation and street railroad corporation is hereby required to give immediate notice to the commission of every accident happening upon any line of railroad or street railroad owned, operated, controlled or leased by it, in such manner as the commission may direct. Such notice shall not be admitted as evidence or used for any purpose against such common carrier, railroad corporation or street railroad corporation giving such notice in any suit or action for damages growing out of any matter mentioned in said notice."

With clarity in detail, definitely and precisely the Legislature has spoken in unmistakable language, that even he who runs may read, that reports of all accidents made by railroads and common carriers to the commission are confidential.

To the contrary as to gas and electric public utility corporations the Legislature has enacted no law making such reports confidential. There is a total absence in the statutes that reports of accidents made by gas and electric corporations are clothed with a garb of sanctity and must be withheld from public gaze or scrutiny.

It is reasonable to assume, therefore, since the Legislature in not requiring the reports of gas and electric companies to be withheld from public view and particularly so since the Legislature did deliberately enact section 47, which specifically excludes reports as to accidents with reference to railroads and common carriers that the Legislature in its wisdom found no sufficient reason or public interest involved to require reports of gas and electric companies as to accidents to be confidential. The contention of respondents that the Public Service Commission has implied power to withhold gas and electric reports of accidents from the public is not sustained by legal authorities in similar instances of statutory construction. The general **power delegated to the commission in section 66 of the Public**

Service Law under the reasoning of these authorities does not in my judgment carry with it as a necessary attribute the implied right of the Public Service Commission to rule by its own determination that such reports are confidential and to be withheld from the public. To uphold this argument would seem to be indulging in gross speculation as to legislative intent.

We think it may be safely said that at common law, when not detrimental to the public interest, the right to inspect public records and documents exists with all persons who have a sufficient interest in the subject matter thereof to answer the requirements of the law governing that question. (*Clement* v. *Graham,* 78 Vt. 290, 315, cited in *Matter of Egan,* 205 N. Y. 147.)

But to be implied, a power must be so essential to the exercise of some power expressly conferred as plainly to appear to have been within the intention of the Legislature. The implied power must be necessary, not merely convenient, and the intention of the Legislature must be free from doubt. (*People ex rel. City of Olean* v. *Western N. Y. & P. T. Co.,* 214 N. Y. 526, 529.)

A statute must be read and given effect as it is written by the Legislature not as the court may think it should or would have been written if the Legislature had envisaged all the problems and complications which might arise in the course of its administration. A power not expressly granted by statute is implied only where it is " so essential to the exercise of some power expressly conferred as plainly to appear to have been within the intention of the legislature. The implied power must be necessary, not merely convenient, and the intention of the legislature must be free from doubt.'' (*Lawrence Construction Corp.* v. *State of New York,* 293 N. Y. 634, citing case *supra;* *Saltser & Weinsier, Inc.,* v. *McGoldrick,* 295 N. Y. 499.)

The power can exist in the Public Service Commission through no other means than legislative source. The commission can only exercise such powers as have been specially conferred by statute, together with those incidental powers which may be requisite to effectually carry out those actually granted. (*People ex rel. New York Railways Co.* v. *Public Service Commission,* 223 N. Y. 373; *People ex rel. Municipal Gas Co.* v. *Public Service Commission,* 224 N. Y. 156; *Matter of City of Syracuse* v. *Gibbs,* 283 N. Y. 275, 283.)

In the consideration of powers granted to the Public Service Commission we must start with the settled principle that the commission may exercise only such powers as are conferred upon it by the Legislature. (*Matter of Village of Boonville* v. *Maltbie,* 272 N. Y. 40, 47.)

The right of an individual in similar circumstances as the petitioner herein has been upheld in *Matter of Stenstrom* v. *Harnett* (131 Misc. 75, affd. *sub nom People ex rel. Stenstrom* v. *Harnett* 224 App. Div. 127) and *Matter of Connell* v. *Public Service Commission* (152 Misc. 242). The exact situation as here presented was decided against the respondents in an unreported decision of Mr. Justice RUSSELL, dated April 4, 1940, in the *Matter of Edwin Laydon* v. *The Public Service Commission*. The limitation of the power of the respondents in that decision has not been corrected by any legislative action since that time and the judicial interpretation therein must be accorded its full effect.

The application of the petitioner is granted.

Submit order in accordance herewith.