In the Matter of Louis Friedman, Petitioner, against Maurice C. Burritt et al., Constituting the Public Service Commission of the State of New York, Respondents.

Supreme Court, Special Term, Albany County, June 21, 1949.

*Carl P. Goldstein* for petitioner.

*Sherman C. Ward* for respondents.

Elsworth, J. Application for a peremptory mandamus order commanding the respondents to turn over to the petitioner a certified copy of an accident report made by one Ralph Meyer, a common carrier operating an omnibus line, and an investigation report made by a motor vehicle inspector in the matter of the same accident.

Even though the petitioner, who was the driver of the bus in question, asserts that he seeks said reports for the sole purpose of instituting an action against a party other than the bus owner, it is held that the commission's refusal to furnish copies of said reports was proper. The report of the owner Meyer is confidential under the provisions of subdivision 8 of section 61 of the Public Service Law. (See *Matter of Zuppa* v. *Maltbie,* 190 Misc. 778.) The report of the inspector is not a public record within the meaning of section 16 of the Public Service Law and to reveal its contents would be violative of the spirit of aforesaid subdivision 8 of section 61 of the Public Service Law.

The safeguard of confidence which is kept inviolate by the determination herein made seems well within the intendment

of the Legislature as a necessary aid to the Public Service Commission in enabling it to carry out effectively the rather broad powers of control and supervision which it possesses over omnibus corporations.

It was certainly not the intendment of the Legislature to make the Public Service Commission an instrumentality of investigation so that information would be rendered available for bringing private suits.

By refusal of access to the reports here sought, the petitioner is in no way stymied from proceeding with his anticipated action in view of the avenues of examination available to him under article 29 of the Civil Practice Act and rule 122 of the Rules of Civil Practice. Had there been no reports, he must have pursued such channels for needed information. No hardship appears to be worked in compelling him to do so with the reports in existence.

The petition is dismissed.

Submit order.