MILDRED M. LINTON, as Committee of JAMES K. LINTON, an Incompetent Person, Respondent-Appellant, *v.* LEHIGH VALLEY RAILROAD COMPANY, Appellant-Respondent.

Third Department, May 6, 1966.

*Gordon H. Mahley* for appellant-respondent.

*Raichle, Moore, Banning & Weiss* (*Ralph L. Halpern* and *Arnold Weiss* of counsel), for respondent-appellant.

AULISI, J.   This is an appeal and cross appeal from an order of the Supreme Court at Special Term, Cortland County, which granted in part and denied in part the defendant's motion for a protective order from plaintiff's notice of discovery and inspection, pursuant to CPLR 3103 and CPLR 3122.

Plaintiff seeks recovery against the defendant for personal injuries allegedly sustained by him when a tractor he was operating came in contact with defendant's train at a grade crossing.  Special Term properly directed defendant to produce the reports made by members of the train crew immediately following the accident and more than seven months prior to the institution of this suit (*Bloom* v. *New York City Tr. Auth.*, 20 A D 2d 687; *Metropolitan Life Ins. Co.* v. *Lane Klinow & Co.*, 23 A D 2d 646).  There is no showing that these reports were material prepared for litigation (*Kandel* v. *Tocher*, 22 A D 2d 513; CPLR 3101, subd. [d]).  Similarly, the court was correct in denying access to defendant's report of the accident to the Public Service Commission.  This report is, in our opinion, immune from discovery as it comes clearly within section 47 of the Public Service Law, which provides, in part, that such report " shall not be admitted as evidence or used for any purpose against such common carrier   *   *   *   in any suit or action for damages growing out of any matter mentioned " in the

report. It is also our belief that Special Term was well within its discretion in denying discovery of reports to defendant of prior accidents at the same grade crossing (item 7) and defendant's reports of these same accidents to the Public Service Commission (item 8), although not precisely for the reasons given.

Both reports (item 7 and item 8) sought by plaintiff may show the existence of a condition requiring repair (see *Annino* v. *City of Utica*, 276 N. Y. 192) and therefore be deemed "material and necessary" within the meaning of CPLR 3101 (subd. [a]). In addition, the documents must not only be "specifically designated" as required by CPLR 3120 (subd. 1) but the plaintiff must also show that the documents or copies of them are in the "possession, custody and control of the party served". Upon such a showing, plaintiff would be entitled to discovery (see, and cf. *Fugazy* v. *Time, Inc.*, 24 A D 2d 443). Furthermore, it is our opinion that the statutory protection of section 47 does not extend to prior unrelated accidents not privileged as materials prepared for litigation, but only to an action "growing out of any matter mentioned in said notice." Orderly procedure requires a pretrial examination at which the existence of relevant documents can be ascertained (*Rios* v. *Donovan*, 21 A D 2d 409; *Albero* v. *State of New York*, 25 A D 2d 470).

The order should be affirmed.

GIBSON, P. J., HERLIHY, REYNOLDS and TAYLOR, JJ., concur.

Order affirmed, with costs.