Richard F. Kuhnen, J.
Petitioner Judith Martinez resides with her six children in a rented apartment located at 131 Clinton Street in the City of Binghamton. On September 12, 1975 she registered a complaint of housing code violations with the Code Enforcement Bureau of the Binghamton Community Development Department. In response to the complaint a code enforcement officer inspected her apartment on September 16, 1975. The inspection revealed several violations of the code both in petitioner’s apartment and in the common areas of the apartment building.
On October 1, 1975 Mrs. Martinez went to the Code Enforcement Bureau to read the bureau’s records concerning her residence. She submitted an official application for public access to records to respondent Henry L. Reese, Director of the Community Development Department. Reese rejected her application on the ground that the requested records were "part of investigatory files”. She then appealed Reese’s decision to respondent Alfred J. Libous, Mayor of the City of Binghamton. By letter dated October 2, 1975 Mayor Libous denied her appeal on the ground that the records were "part of an investigatory file” and further that "the release of such inspection reports could mean undue harassment toward the property owner.”
Petitioner contends in this CPLR article 78 proceeding that the actions of respondents Reese and Libous relative to her request to inspect the bureau’s files are arbitrary, capricious and contrary to law.
Petitioner’s contention finds strong statutory support. The building in which she resides is a "multiple dwelling” as defined by subdivision 33 of section 4 of the Multiple Residence Law. Section 307 of the Multiple Residence Law states *188 that "All records of the department shall be public.” The statute further provides that "Upon request the department shall be required to make a search and issue a certificate of any of its records, including violations”. In the City of Binghamton the Code Enforcement Bureau of the Community Development Department is responsible for enforcing the provisions of the Multiple Residence Law.
The language of this statute is broad and appears to mandate that respondents disclose the material sought by petitioner. Furthermore, the rights, afforded by this section of the Multiple Residence Law are not in any manner diminished by the new Freedom of Information Law (Public Officers Law, art 6) which provides that "Nothing in this article shall be construed to limit or abridge any existing right of access at law or in equity of any party to public records kept by any agency or municipality.” (Public Officers Law, § 88, subd 10.) Accordingly, the restrictions on public disclosure enumerated in subdivision 7 of section 88 of the Freedom of Information Law, in particular the exemption set forth in section 88 (subd 7, par d) relating to "investigatory files”, cannot be asserted to defeat petitioner’s right under section 307 of the Multiple Residence Law.
Despite the lack of statutory restriction on the right of access under the Multiple Residence Law, respondents urge that the statute cannot be read literally, but instead must be construed with certain common-sense limitations. Otherwise, respondents contend, it will be necessary for the department to disclose highly personal and confidential information contained in the department’s files which the statute never intended to be open for public inspection.
The legislative classification of governmental records as "public” does not mean that such documents are subject to unlimited public inspection. The right of a private citizen to inspect and copy "public records” has always been tempered by the courts. In this State the general rule prior to the enactment of the Freedom of Information Law was "that the person seeking inspection must have an interest in the record or paper of which inspection is sought and that the inspection must be for a legitimate and specific purpose, as distinguished from a speculative purpose, and not merely to satisfy one’s curiosity, or to meddle, or to harass public officials.” (49 NY Jur, Records and Recording Acts, § 21.)
Since petitioner in her first cause of action proceeds on her *189 right under section 307 of the Multiple Residence Law as it existed prior to the Freedom of Information Law, she is subject to these limitations. However, under the facts of this case, she meets the necessary qualifications of this rule to entitle her to examine and copy the documents which she has requested. Accordingly, she cannot be denied access on this basis.
Petitioner’s rights under section 307 are further limited by the common-law privilege for official information. It was recently held that this privilege was not abolished by the new Freedom of Information Law. (See Cirale v 80 Pine St. Corp., 35 NY2d 113, 117.) This privilege attaches to "confidential communications between public officers, and to public officers, in the performance of their duties, where the public interest requires that such confidential communications or the sources should not be divulged.” (People v Keating, 286 App Div 150, 153.) The hallmark of this privilege is that it applies when the public interest would be harmed if the material were to lose its cloak of confidentiality. (Cirale v 80 Pine St. Corp., supra.)
While recognizing the existence of this common-law privilege, the court finds that no case has been made out for its application under these facts. Petitioner has narrowed her request for information to include only the reports concerning her apartment and the common areas of the apartment building. Disclosure under these circumstances will not violate the right of privacy of other individuals nor should it in any manner hamper future code enforcement efforts by the Community Development Department. The court can conceive of no other threat to the public interest resulting from the limited disclosure requested here.
Petition is granted.