OPINION OF THE COURT
Robert F. Doran, J.
The petitioner is a practicing attorney representing two infant plaintiffs, pedestrians struck by moving trains. Pursuant to CPLR article 78, the petitioner is seeking an order compelling the respondent, the Commissioner of Transportation, to turn over to or to allow the petitioner access to certain information and reports within his possession.
By letter dated June 28, 1978, the petitioner requested access to reports made by the respondent concerning the accidents in which the petitioner’s clients sustained their injuries. The request was predicated on the Freedom of Information Law (Public Officers Law, §§ 84-90). By letter dated July 3, 1978, the respondent’s official in charge of records refused to release the information and indicated that written appeal might be had by further correspondence to the respondent. A further appeal was made, and the respondent affirmed *959 the decision to refuse access to the reports by letter dated July 26, 1978.
The respondent contends that access to the records concerning these accidents is exempt from disclosure under section 117 of the Transportation Law and subdivision 2 of section 87 of the Public Officers Law.
Section 117 of the Transportation Law reads as follows: "The commissioner shall investigate the cause of all accidents on any railroad or street railroad subject to his jurisdiction which result in loss of life or injury to persons or property, and which in his judgment shall require investigation. Every common carrier shall give immediate notice to the commissioner of every accident happening upon any line of railroad or street railroad owned, operated, controlled or leased by it, in such manner as the commissioner may direct. Such notice shall not be admitted as evidence or used for any purpose against such common carrier giving such notice in any suit or action for damages growing out of any matter mentioned in said notice.”
Section 87 (subd 2, par [a]) of the Public Officers Law reads as follows:
"Each agency shall, in accordance with its published rules, make available for public inspection and copying all records, except that such agency may deny access to records or portions thereof that:
"(a) are specifically exempted from disclosure by state or federal statute”.
The petitioner concedes that the "notice” or report of the common carrier is clearly exempt from disclosure under section 117 of the Transportation Law and continues to be exempt even under the Freedom of Information Law (Public Officers Law, § 87, subd 2, par [a]). But the petitioner contends that the report of the respondent, if there be one, is not exempt under section 117. Therefore, the petitioner claims that under the Freedom of Information Law, he is entitled to examine or receive a copy of the respondent’s report.
The respondent, relying on three cases, contends that both the "notice” or report of the carrier and his report, if there be one, are exempt (Linton v Lehigh Val. R. R. Co., 25 AD2d 334; Matter of Friedman v Burritt, 195 Misc 376; Matter of Zuppa v Maltbie, 190 Misc 778).
The holding in Linton is limited solely to the report pre *960 pared by the carrier and submitted to the predecessor of the respondent, the Public Service Commission.
Similarly, the Zuppa decision does not stand for the proposition that any report made by the respondent is barred from disclosure.
In the Friedman case, the court did hold that both the report of the carrier and the report of the Public Service Commission were not discoverable. The court ruled that the report of the Public Service Commission was not a public record within the meaning of section 16 of the Public Service Law.
This court holds that the report of the respondent, if there be one, is not barred from disclosure by any statute. Clearly, section 117 of the Transportation Law does not reach any report made by the respondent. Section 83 of the Transportation Law makes all proceedings and records in the possession of the respondent public records. Also,' the Freedom of Information Law would seem to remove any doubt as to whether the report of the respondent, if there be one, is available to the petitioner.
However, it has been held that the common-law public interest privilege was not abolished by the Freedom of Information Law (Young v Town of Huntington, 88 Misc 2d 632, 639; Cirale v 80 Pine St. Corp., 35 NY2d 113). Such holding in Cirale was dictum only. There is no question that the respondent might be hampered in his investigations of accidents if the report of the common carrier were to be disclosed to injured parties. Obviously, that is why the Legislature has specifically exempted such report from disclosure.
Nevertheless, it should be noted that in Linton (supra), the Third Department allowéd disclosure of both the common carrier’s report and the Public Service Commission’s report of a previous accident at the same location where the plaintiff's client had been injured.
This court declines for the time being to decide whether any report of the respondent could fall into a similar posture whereby disclosure would hamper the respondent’s investigatory powers which are necessary to prevent future recurrences of such accidents and, if so, thus come within the common-law privilege.
Possibly, by allowing the petitioner to look at the report of the respondent, the petitioner may also be allowed to obtain *961 an unwarranted view of at least part or all of the carrier’s report that is, without question, barred from disclosure. Whether or not this would be so depends largely on how the report of the respondent may have been written and compiled.
The court therefore concludes that an appropriate order at this time would be one that allows the court to inspect in camera the reports submitted on both accidents by the carriers and any reports that may have been prepared by the respondent concerning these two accidents.