OPINION OF THE COURT
Edward S. Conway, J.
This is an article 78 proceeding in which petitioner seeks judgment requiring the respondent, Commissioner of the Department of Transportation to grant access to petitioner of the records in his custody in connection with his investigation into an accident caused by a public vehicle in which petitioner and her decedent husband suffered personal injuries.
Petitioner was involved in an accident on May 14, 1978, in the Town of Seneca Falls, when a bus owned by the Bluebird Coach Lines, Inc., struck the rear of an automobile in which petitioner and her husband were passengers, causing petitioner to sustain severe personal injuries and her husband, fatal injuries.
The police accident report indicated certain facts suggesting possible brake failure of the bus, and the Motor Vehicle Department held a public hearing with regard to the accident.
*84 The respondent’s agents conducted an investigation and made findings concerning the circumstances of this accident. Petitioner requested access to the records by a letter dated August 30, 1978, to the New York State Department of Transportation and by another letter of the same date addressed to Andrew J. Vander Poel, State Inspector of Motor Vehicles. Both letters were referred to respondent’s agent who denied petitioner’s request for the records on the ground the availability of such records is specifically exempted from the Freedom of Information Law by section 87 of the Public Officers Law. Petitioner then appealed to the Commissioner of Transportation, from such determination, who affirmed the denial of release of the requested information.
Respondent contends that the information sought is not available under the Freedom of Information Law or any other law. The court cannot agree with the contentions of the respondent.
Subdivision 8 of section 142 of the Transportation Law, relied on by the respondent, gives the respondent the power to investigate the cause of all accidents resulting in loss of life or injury to persons which in his judgment shall require investigation. "Every bus company shall give immediate notice to the commissioner of every accident to which it shall in the course of its operations have been a party, but such notice shall not be admitted as evidence, or used for any purpose against such bus company in any action or proceeding for damages growing out of any such accident.”
This statutory provision does not specifically bar the respondent from disclosing the records requested by the petitioner but only bars the notice given by the bus company of the accident pursuant to the statute. As a matter of fact, section 83 of the Transportation Law provides that all proceedings of the commissioner in relation to functions and powers possessed by the commissioner and all records in his possession relating thereto shall be public.
The Linton v Lehigh Val. R. R. Co. case (25 AD2d 334), relied on by the respondent, is distinguishable from the case at bar and was decided prior to the Freedom of Information Law.
Further, it is in the public interest, in this court’s opinion, to grant disclosure. The more light shed upon the operations of public vehicles on public highways the better. The petition is granted.
*85 Petitioner to submit order. Such order shall be consistent herewith for discovery of all records in respondent’s custody, as requested by the petitioner, except for the immediate notice of the accident required by subdivision 8 of section 142 of the Transportation Law.