OPINION OF THE COURT
Richard W. Wallach, J.
Petitioner is a newspaper reporter employed by the Wall Street Journal. In this CPLR article 78 proceeding he seeks a judgment compelling respondent police commissioner to permit him to inspect approved pistol license applications on file with the New York City Police Department, presumably as the predicate for research and publication of findings.
*125 The commissioner resists this application primarily on the ground of executive privilege and the rights of privacy. In an open society such as ours where its members normally conduct their business while unarmed, the subject of gun control and regulation is fraught with the public interest. The judiciary of this nation is not a stranger to the careful balancing required where the need to conduct sensitive government operations in secrecy must be balanced against strong claims for disclosure. (United States v Nixon, 418 US 683.)
However, in this case the range of judicial inquiry is considerably narrower. Subdivision 5 of section 400.00 of the Penal Law which controls the filing of approved applications for "carry” as well as more restricted pistol permits provides: "The application for any license, if granted, shall be a public record. ” (Italics supplied.) While there is some dicta in support of the proposition that courts retain the power to "temper” access to public records (Matter of Martinez v Libous, 85 Misc 2d 186), this is not an appropriate case for the exercise of that extraordinary power. Turner v Codd (NYLJ, July 3, 1975, p 11, col 4) cited by respondent can be readily distinguished; in that case the petitioner was an unsuccessful applicant who had failed to pursue his proper remedy by way of a CPLR article 78 proceeding to challenge his unsuccessful application.
Although both parties have argued the implications which arise from the Freedom of Information Law (Public Officers Law, § 85 et seq.), it is unnecessary for the court to consider whether the broad disclosure policy evident in that legislation is of assistance to petitioner as against the statutory exemptions argued by respondent. It should be noted, however, that under that statute a Committee on Public Access to Records has been established, and petitioner’s position here is supported by two separate rulings of that body. Such an administrative determination is entitled to weight and consideration here (Matter of Sheehan v City of Binghamton, 59 AD2d 808; Miracle Mile Assoc. v Yudelson, 68 AD2d 176).
While the court is mindful that executive privilege still exists in New York (Cirale v 80 Pine St. Corp., 35 NY2d 113), its scope is confined to "confidential communications between public officers, and to public officers, in the performance of their duties, where the public interest requires that such confidential communications or the sources should not be divulged” (People v Keating, 286 App Div 150, 153; emphasis added; see, also, Matter of Friedman v Burritt, 195 Misc 376). *126 However, no feat of construction can transform a pistol permit applicant into a public officer. Nor is the highly limited "official information” privilege applicable here, such as a case where it was found necessary for the commissioner of investigation to shield the identity of an informer (Matter of Langert v Tenney, 5 AD2d 586).
Respondent also argues that to permit petitioner access to the records would violate the applicants’ rights of privacy. The short answer to this contention is that all applicants had statutory notice that their applications would be a matter of public record. Under the circumstances they could have no reasonable expectation of privacy when they filed their applications.
Finally, respondent argues that serious harm might ensue if the records were open to inspection. He speculates that criminals will spend their diurnal hours at police stations and county clerks’ offices searching for likely "targets” who may then be nocturnally attacked for their weapons or those valuables the weapons were carried to safeguard. This suggestion is at best speculative; the ordinary mugger may generally prefer the little old lady with a string handbag to the subject lethally armed with a loaded pistol. But even if this were not true, the Legislature must have been deemed to have considered the risks, and to have determined that the merits of disclosure outweighed the dangers.
The United States Supreme Court has found "a profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide open” (New York Times Co. v Sullivan, 376 US 254, 270). It was surely within the power of the Legislature to insure that the debate on the issue involved here might be informed as well.
Settle judgment in favor of petitioner, with costs.