In the Matter of NEW YORK TELEPHONE COMPANY, Appellant, v PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, Respondent. ROBERT ABRAMS, as Attorney-General of the State of New York, et al., Intervenors-Respondents.

Third Department, July 23, 1981

APPEARANCES OF COUNSEL

*Davis Polk & Wardwell (Guy M. Struve, L. Gordon Harriss, James L. Kerr* and *James E. Flynn* of counsel), *Harold S. Levy* and *Gerald M. Oscar* for appellant.

*Peter H. Schiff (Charles R. Gibson* of counsel), for respondent.

*Melvyn Leventhal (John F. Duane* and *Paulann M. Caplovitz* of counsel), for Robert Abrams, Attorney-General, intervenor-respondent.

*McKenna, Wilkinson & Kittner (Norman P. Leventhal, Joseph M. Kittner* and *Virginia S. Carson* of counsel), for

American Broadcasting Companies, Inc., and others, intervenors-respondents.

OPINION OF THE COURT

MIKOLL, J.

The intervenors-respondents sought to have admitted into evidence at a hearing in a rate-making proceeding portions of New York Telephone Company's migration study. This study outlined certain of the company's marketing projections and strategies. New York Telephone Company (hereinafter NYTEL) opposed introduction of the study on the grounds that it was not relevant and, even if relevant, it constituted proprietary information which, if disclosed for general public inspection, would cause substantial injury to NYTEL's competitive position. NYTEL argued that it should not be admitted without, at least, a suitable protective order.

After an initial ruling by the Administrative Law Judges and upon appeal to the Public Service Commission (hereinafter PSC), the PSC issued an order requiring that the disputed evidence be placed in the record at the request of any party without protective measures, if, after reconsideration, the Administrative Law Judges found the material relevant. In its decision the PSC stated: "[W]e are not convinced that the company has identified a likelihood or magnitude of 'injury' sufficient to outweigh the Migration Study's importance as part of a public record in this case."

On August 19, 1980, the Administrative Law Judges again ruled that the disputed evidence was relevant and admissible. NYTEL's request for a rehearing was denied. However, the PSC granted a temporary order of protection to enable NYTEL to obtain judicial review of the issues. Special Term continued the temporary protective order until 15 days after its decision.

Special Term found that the PSC neither abused its discretion nor acted arbitrarily in refusing to seal the record. This appeal ensued and the stay granted by Special Term was continued pending determination of the appeal.

There should be an affirmance but on different grounds than specified in Special Term's decision. The PSC is without authority to issue an order protecting disclosure of

alleged trade secrets once the information has been admitted into evidence during the course of a rate-making proceeding (see Public Service Law, § 16, subd 1).

The PSC may exercise only the powers which have been specially conferred on it by statute together with those incidental powers which may be required to effectively carry out the powers actually granted *(Matter of New York Tel. Co. v Public Serv. Comm. of State of N.Y.,* 59 AD2d 17). The Public Service Law provides that where a major change in telephone rates is proposed, the PSC must hold a public hearing (Public Service Law, § 92, subd 2). This section would appear to include the power to make initial determinations with respect to the admissibility of evidence at a hearing. However, once the evidence is found admissible, it becomes part of the public record.

Subdivision 1 of section 16 of the Public Service Law, insofar as relevant, provides: "All proceedings of the commission and all documents and records in its possession shall be public records." This language is very clear and unambiguous. Absent a specific statutory exception, it precludes the PSC from using its discretion on matters of disclosure once the evidence has been received (see *Matter of Friedman v Burritt,* 195 Misc 376; *Matter of Zuppa v Maltbie,* 190 Misc 778). We note that the issue argued on this appeal is protected disclosure as opposed to full disclosure—not the admissibility of the disputed evidence.

Contrary to NYTEL's contentions, section 15 of the Public Service Law does not by implication give the PSC the discretion to determine what information should be kept confidential. Section 15, which makes it a crime to divulge information which has been declared confidential by statute (e.g., Public Service Law, § 61, subd 8), does not limit the broad disclosure mandated by subdivision 1 of section 16 of the Public Service Law.

The order and judgment should be affirmed, with one bill of costs to respondents.

MAHONEY, P. J., YESAWICH, JR., and WEISS, JJ., concur.

Order and judgment affirmed, with one bill of costs to respondents.