*963 OPINION OF THE COURT
Bruce McM. Wright, J.
In this CPLR article 78 proceeding, petitioner, a police officer, seeks an order pursuant to article 6 of the Public Officers Law, directing respondents to comply with a request for information filed pursuant to the Freedom of Information Law (FOIL). Specifically, petitioner has requested disclosure of the examination grades of all persons on the supplementary lists for Black and Hispanic members on the civil service examination for sergeant, exam No. 2548. The names of all persons on the supplementary lists have already been disclosed by respondents. However, petitioner’s request for the examination grades has been denied by respondents on the ground that such disclosure "would constitute an unwarranted invasion of personal privacy” (Public Officers Law § 87 [2] [b]).
As explained by respondents, exam No. 2548 was a promotional examination for the rank of sergeant, which was given in June 1983. After the exams were graded and the promotion list compiled, two associations of police officers, the Hispanic Society (representing Hispanic officers) and the Guardian Association (representing Black police officers), instituted actions against the city pursuant to title VII of the Civil Rights Act of 1964, alleging that the promotional examination and the eligible list were racially discriminatory. A court-approved settlement of this litigation provided that the police officers on the eligible list would be promoted to sergeant, and that, in addition, Black and Hispanic officers who had not passed the examination would be placed on supplementary eligibility lists and promoted to sergeant.
As noted, respondents have denied petitioner’s request for disclosure of the scores of those Black and Hispanic officers who are on the supplementary lists. Pursuant to section 87 (2) (b) of the Freedom of Information Law, an agency may deny access to records otherwise subject to a FOIL request, if disclosure "would constitute an unwarranted invasion of personal privacy”. Respondents argue here, in opposition to this article 78 proceeding, that where an individual’s right of privacy is involved, the party seeking the information must demonstrate that he has some legitimate need for the information sought, and that petitioner here has not demonstrated such a need. Respondents also assert that the public interest will not be served by the disclosure of the test scores; that the test scores have no relevant bearing on the Black and His *964 panic sergeants’ ability to perform their jobs; and that disclosure of the test scores will undermine the authority of the recently promoted sergeants and interfere with their job performance.
Public Officers Law § 89 (4) (b) provides that a person denied access to a record may bring an article 78 proceeding for review of the denial, and that "the agency involved shall have the burden of proving that such record falls within the provisions of * * * subdivision two.” Subdivision (2) (a) provides that "[t]he committee on public access to records may promulgate guidelines regarding deletion of identifying details or withholding of records otherwise available under this article to prevent unwarranted invasions of personal privacy.” Subdivision (2) (b) provides:
"An unwarranted invasion of personal privacy includes, but shall not be limited to:
"i. disclosure of employment, medical or credit histories or personal references of applicants for employment;
"ii. disclosure of items involving the medical or personal records of a client or patient in a medical facility;
"iii. sale or release of lists of names and addresses if such lists would be used for commercial or fund-raising purposes;
"iv. disclosure of information of a personal nature when disclosure would result in economic or personal hardship to the subject party and such information is not relevant to the work of the agency requesting or maintaining it; or
"v. disclosure of information of a personal nature reported in confidence to an agency and not relevant to the ordinary work of such agency.”
As was noted by the Court of Appeals in Matter of Capital Newspapers v Whalen (69 NY2d 246, 252), "FOIL is to be liberally construed and its exemptions narrowly interpreted so that the public is granted maximum access to the records of government”. "It is settled that FOIL is based on the overriding policy consideration that 'the public is vested with an inherent right to know and that official secrecy is anathematic to our form of government’ (Matter of Fink v Lefkowitz, 47 NY2d 567, 571). Indeed, in enacting FOIL the Legislature specifically declared: 'that government is the public’s business and that the public, individually and collectively and represented by a free press, should have access to the records of government in accordance with the provisions of this article.’ *965 (Public Officers Law § 84.)” (Capital Newspapers v Whalen, 69 NY2d 246, 252, supra.)
Here, a liberal construction of FOIL and a narrow interpretation of the "unwarranted invasion of personal privacy” exemption compels the conclusion that the exam scores should be provided to petitioner. Respondents have not met their burden of proving that this information falls within that exemption, especially in light of the fact that the names of the officers on the supplemental lists have already been disclosed. In terms of the concept of "unwarranted invasion of personal privacy”, respondents have not shown that there is a meaningful distinction between releasing the names of individuals who are on the supplemental lists (by definition, these individuals did not pass the exam) and disclosing the test scores of those individuals. The information that is sought here does not fall within any of the specific categories set forth in section 89 (2) (b) of the Public Officers Law, and this court is not persuaded that those who are promoted pursuant to a civil service examination have a "reasonable expectation of privacy” with respect to their examination scores (see, e.g., Matter of Kwitny v McGuire, 102 Misc 2d 124, 126, affd 77 AD2d 839, affd 53 NY2d 968).
Based upon the foregoing the petition is granted and respondents are directed to provide petitioner with access to the examination grades of all persons on the supplementary lists for Black and Hispanic members on civil service examination No. 2548.