■ Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints, Appellant, v Solow Building Corporation et al., Respondents.—Order, Supreme Court, New York County, entered April 12, 1976, granting defendants' motion and vacating plaintiff's notice to admit and enjoining use of information contained in records obtained by plaintiff, unanimously modified on the law and the facts and in the exercise of discretion, to the extent of allowing the use of those documents relevant to the issues in this action, and otherwise affirmed with $60 costs and disbursements to respondents. The Church of Jesus Christ of Latter-Day

Saints (the Church) had acquired real property in Manhattan upon which it was planning to construct chapel facilities. (See 52 AD2d 533.) Ultimately the Church entered into an agreement with Solow Building Corporation for the construction of the building, which required financing arrangements via letters of credit issued by the Franklin National Bank (Franklin), in favor of the Church. Two letters for the term of one year were issued. The letters expired and the Church was forced to convey its property to 58 Plaza South Corp. When Franklin was taken over by the European-American Bank, its files were transferred to the Federal Deposit Insurance Corporation. The Church brought suit against the defendants, seeking money damages and rescission of its deed on the basis of fraud. It moved to discover Franklin's records and, prior to a court determination of that motion, an associate of the firm representing the FDIC consented to turn over the records requested. A notice to admit was served upon defense counsel based on net worth statements of Sheldon H. Solow, a principal of all three defendant corporations, found in Franklin's files. Defendants sought a protective order with regard to the notice, which was granted by Special Term. Furthermore, Special Term directed the return of the files to the FDIC and enjoined use or dissemination of any information contained in those files. The record reveals that plaintiff's counsel obtained the documents in question upon written consent of counsel for the FDIC. However, there is sharp dispute over which records were subject to release pursuant to that stipulation. Plaintiff is entitled only to disclosure of those records which are relevant to this lawsuit and may not use the records obtained as the basis for an untrammeled review of the defendants' business transactions. Any dispute among counsel over relevancy of the documents should be submitted to Special Term for resolution. Concur—Kupferman, J. P., Murphy, Lupiano, Lane and Nunez, JJ.