■ SAUL GANIN et al., Respondents, v HERBERT JANOW, Defendant, and DISTA PRODUCTS COMPANY, a Division of Eli Lilly & Company, Inc., Appellant. — In an action to recover damages for personal injuries, etc., the corporate defendant appeals, as limited by its brief, (1) from so much of an order of the Supreme Court, Kings County (Shaw, J.), dated March 4, 1981, as directed it to furnish plaintiffs with a bill of particulars as to specified items in plaintiffs' demand, and (2) from so much of an order of the same court (Leone, J.), dated

April 9, 1981, as denied its motion for a protective order pursuant to CPLR 3122. Order dated March 4, 1981 modified by deleting from the second decretal paragraph thereof the numbers "1" and "8", and adding thereto, after the word "demand", the following: "and to Items Nos. 1 and 8 thereof as hereinafter modified, to wit: (1) by deleting from Item No. 1 the words 'including the medical condition, complication, problem or reaction of said risk', and (2) by deleting from Item No. 8 the words 'the person or persons who did the making or furnishing, the person or persons to whom furnished and the exact substance of the making or furnishing'." As so modified, order affirmed insofar as appealed from, without costs or disbursements. Appellant's time to furnish a bill of particulars responsive to the items in question is extended until 20 days after service upon it of a copy of the order to be entered hereon, together with notice of entry. Order dated April 9, 1981, reversed insofar as appealed from, without costs or disbursements, and motion for a protective order granted to the extent of vacating plaintiffs' notice for discovery and inspection, without prejudice to plaintiffs' service of an appropriate notice of discovery and inspection in accordance with *Rios v Donovan* (21 AD2d 409, 414). The phrases deleted from plaintiffs' demand for a bill of particulars constitute requests for evidentiary material, disclosure of which may not be obtained by such demand (see *Yardarm Club Motel v Morgan,* 22 AD2d 700). The alternative use of "all", "any", or "any and all" renders the notice for discovery and inspection improper, since CPLR 3120 (subd [a], par 1, cl [i]) requires that documents sought to be discovered be "specifically designated" and "specified with reasonable particularity in the notice" (see *City of New York v Friedberg & Assoc.,* 62 AD2d 407). Orderly disclosure procedures required that a party first ascertain identifiable documents before seeking discovery and inspection (*Ramo v General Motors Corp.,* 36 AD2d 693, 694; *Rios v Donovan, supra,* p 414). Damiani, J. P., Lazer, Mangano and Gibbons, JJ., concur.