■ EDWARD KRAEMER, Appellant, v T.C.R. SERVICES, INC., Respondent. — In an action, *inter alia,* for a declaratory judgment and a permanent injunction enjoining defendant from widening a temporary easement of way, plaintiff appeals from an order of the Supreme Court, Westchester County (Coppola, J.),

entered September 9, 1982, which denied his motion for a preliminary injunction enjoining defendant, its employees, agents and contractors, from performing any work relative to the easement over plaintiff's land. Order reversed, with $50 costs and disbursements, and motion granted to the extent of preliminarily enjoining defendant, its agents, employees and contractors from widening the temporary easement of way, removing trees, and performing any work on plaintiff's land, other than routine maintenance of said temporary easement pending entry of judgment in this action, upon condition that plaintiff file in the office of the clerk of the Supreme Court, Westchester County, an undertaking pursuant to CPLR 6312 (subd [b]) in the sum of $1,000, and serve a copy of the same upon the defendant. Plaintiff's time to file and serve said undertaking is extended until five days after service upon him of a copy of the order to be made hereon, with notice of entry, and the preliminary injunction granted by order of this court dated October 7, 1982 shall continue during such period. The parties are directed to proceed with the trial of this action forthwith. In our opinion, plaintiff will suffer immediate and irreparable harm if defendant continues to widen, repave, expand and improve the temporary easement of way crossing plaintiff's land (see *Tucker v Toia,* 54 AD2d 322). Accordingly, plaintiff's motion for an order restraining defendant from performing any work relative to the easement over his land except as routinely necessary to maintain the right of way, should have been granted. Titone, J. P., Bracken, Niehoff and Rubin, JJ., concur.