■ ADELE ROSENSTOCK, Appellant, v JEROME ROSENSTOCK, Respondent. — Appeal from an order of the Supreme Court at Special Term (Torraca, J.), entered September 27, 1983 in Ulster County, which denied plaintiff's motion for an order striking the note of issue, and granted defendant's cross motion for a protective order striking the notice to produce. ¶ Plaintiff wife's action for a divorce was commenced on February 2, 1982. Issue was joined by service of defendant husband's answer on March 12, 1982, at which time defendant also served a notice to depose plaintiff, but this examination was never held or pursued. On November 17, 1982, plaintiff served a cross motion to depose defendant before trial. ¶ The delay occasioned by the filing of the statement of defendant's net worth, by a motion made by plaintiff for temporary support and maintenance, and by several adjournments resulted in defendant's examination commencing on April 12, 1983. Previously, by notice dated March 1, 1982, plaintiff had served defendant with a separate notice of motion to produce certain documents at his examination. Defendant moved for a protective order with respect to this motion, claiming the demands were lacking in specificity. In view of this motion for a protective order, plaintiff withdrew her motion to produce and proceeded with defendant's examination, at which defendant produced no documents. Defendant's examination was concluded at its second session, which took place on May 25, 1983. At that time, counsel for plaintiff stated that "at present and in the absence of whatever additional documents the court may decide that I am entitled to, subject to that ruling, I have no further questions". Plaintiff alleges that she then informed defendant that her original notice to produce would be withdrawn and a new notice issued based on information obtained from defendant's deposition. ¶ On July 13, 1983, defendant filed a note of issue and statement of readiness. On July

21, 1983, plaintiff served a revised notice and request to produce documents which was based, in part, upon information she had obtained from defendant's examination as revealed in the transcript, which she contends she did not receive until sometime in July, 1983. ¶ We hold that plaintiff acted with reasonable dispatch with respect to the relevant documents revealed at defendant's examination and that defendant was too precipitous in filing the note of issue. Accordingly, we reverse that part of the order of Special Term which denied plaintiff's motion to strike the note of issue, and we order it stricken. However, from this holding it does not follow that defendant's motion for a protective order should be denied. An examination of plaintiff's notice to produce reveals that it is in many respects overly broad and unduly burdensome. Plaintiff is entitled only to the relevant documents revealed at defendant's deposition. In view of the time lapse since the commencement of her action, she is not entitled to a general production of all the documents she requested. Nor will this court prune the notice to manageable proportions (*City of New York v Friedberg & Assoc.*, 62 AD2d 407). If plaintiff desires production of relevant documents revealed at defendant's examination, she must make a limited and specific request therefor. With respect to corporate records, disclosure shall be subject to the further limitations applicable where the party from whom disclosure is sought is a minority shareholder (see *Fox v Fox*, 96 AD2d 571). Nothing contained herein should be construed as preventing the filing of a new note of issue by either party if plaintiff fails to serve her revised notice within a reasonable period of time, which we fix at 30 days from entry of the order herein. ¶ Order modified, on the law and the facts, without costs, by reversing so much thereof as denied plaintiff's motion to strike the note of issue filed by defendant; said motion granted and a paragraph is added to the order providing that plaintiff shall have 30 days from entry of the order herein to serve upon defendant a revised notice to produce; and, as so modified, affirmed. Mahoney, P. J., Casey, Weiss, Mikoll and Yesawich, Jr., JJ., concur.