■ VALARIE JONASSEN, Individually and as Administratrix of the Estate of BARRY F. JONASSEN, Deceased, Respondent, v A.M.F., INCORPORATED, et al., Appellants, et al., Defendant. — In an action, *inter alia,* to recover damages for wrongful death, defendants A.M.F., Incorporated and Harley Davidson Motor Co., Inc., appeal from (1) so much of an order of the Supreme Court, Nassau County (Robbins, J.), dated October 27, 1982, as denied their motion to strike plaintiff's second amended complaint and vacate her notice for discovery and inspection, and (2) so much of an order of the same court (Christ, J.), entered November 10, 1983, as denied that branch of their motion which sought summary judgment in their favor.

Order dated October 27, 1982 reversed, insofar as appealed from, without costs or disbursements, that branch of appellants' motion which sought an order striking plaintiff's second amended complaint granted unless plaintiff complies with appellants' demand for discovery and inspection of a certain motorcycle and that branch of appellants' motion which sought to

vacate plaintiff's notice for discovery and inspection granted unconditionally. Plaintiff's time to comply with appellants' demand for discovery and inspection of the motorcycle is extended until 30 days after service upon her of a copy of the order to be made hereon, with notice of entry.

Order entered November 10, 1983, affirmed, insofar as appealed from, without costs or disbursements.

Plaintiff's decedent was killed in a motorcycle accident in May, 1980. This action was commenced in July, 1981. Plaintiff has had the motorcycle in her possession and control at all times since the date of the accident. On April 22, 1982, appellants served on plaintiff a notice to produce the motorcycle and helmet. Plaintiff has never given appellants the opportunity to conduct a thorough examination of the motorcycle. Accordingly, plaintiff's second amended complaint will be dismissed unless appellants are afforded an opportunity to conduct a meaningful inspection of the motorcycle within 30 days after service upon her of a copy of the order to be made hereon, with notice of entry (CPLR 3126).

Subsequent to April 22, 1982, plaintiff served a notice for discovery and inspection dated May 27, 1982. Appellants moved for a protective order vacating the notice for discovery and inspection on the ground that the notice required disclosure of exceedingly broad categories of documents.

Special Term granted appellants' motion for a protective order and vacated plaintiff's May 27 notice for discovery and inspection on the ground that "[t]he information and documents requested * * * are irrelevant to the issues involved herein. The notices [sic] do not comply with the requirements of CPLR 3120 (a) (1) (i) that the documents requested be specified with reasonable particularity".

Plaintiff served a second notice for discovery and inspection. Appellants moved to vacate this notice on the ground that it was virtually identical to the one which had previously been vacated.

Special Term denied appellants' motion, but pruned and "modified" plaintiff's notice for discovery and inspection. Appellants claim that this was error and that the second notice for discovery and inspection should have been vacated. We agree.

CPLR 3120 (subd [a], par 1, cl [i]) requires that documents sought to be discovered be specifically designated and specified with "reasonable particularity" in the notice. The use of the descriptions, "any", "all" or "any and all" renders the notice for

discovery and inspection improper (*Ganin v Janow*, 86 AD2d 857). Similarly, the material sought to be discovered must be in existence when requested. The party seeking discovery cannot compel the creation of an otherwise nonexistent writing on the theory that its manufacture may constitute material and necessary evidence (3A Weinstein-Korn-Miller, NY Civ Prac, par 3120.14, Dec. 1983 Supp, p 31-369).

Under these circumstances the pruning of the demand by Special Term was inadequate to correct its deficiencies (*Ganin v Janow, supra; Chrysler Corp. v Fedders Corp.*, 62 AD2d 943; *Woodmere Academy v Steinberg*, 51 AD2d 514; *Carroad v Regensburg*, 17 AD2d 734). Therefore, the notice for discovery and inspection should be vacated in its entirety.

We have reviewed appellants' other contentions and find them to be without merit. Bracken, J. P., Niehoff, Rubin and Eiber, JJ., concur.