■ HUDSON VALLEY TREE, INC., Appellant, v BARCANA, INC., et al., Respondents.—In an action, inter alia, for permanent injunctive relief, plaintiff appeals (1) from an order of the Supreme Court, Orange County (Jiudice, J.), dated April 18, 1985, which denied its motion for a preliminary injunction and (2) as limited by its brief, from so much of an order of the same court, also dated April 18, 1985, as vacated plaintiff's notice for discovery and inspection. The appeals bring up for review so much of a subsequent order of the same court, dated June 3, 1985, as, upon reargument of the motion for a preliminary injunction, adhered to the original determination.

Appeal from the first order dated April 18, 1985, which denied the motion for a preliminary injunction, dismissed. That order was superseded by the order dated June 3, 1985, made upon reargument.

Second order dated April 18, 1985 affirmed, insofar as appealed from.

Order dated June 3, 1985 affirmed, insofar as reviewed.

Defendants are awarded one bill of costs. The matter is remitted to the Supreme Court, Orange County, for an immediate trial. Plaintiff is granted a trial preference. Either plaintiff or defendants may file a note of issue within 10 days after service by plaintiff upon defendants of a copy of the order to be made hereon, with notice of entry.

Special Term properly denied plaintiff's motion for a prelim-

inary injunction which would have the effect of enforcing the restrictive covenant in the employment contract which defendant Irwin executed *(see, Sybron Corp. v Wetzel,* 61 AD2d 697, *mod on other grounds* 46 NY2d 197). Plaintiff has not sustained the burden of proving the likelihood of its ultimate success on the merits, that it would sustain irreparable injury absent the granting of the preliminary injunction and that the motion should be granted on the balancing of the equities *(see, e.g., Albini v Solork Assoc.,* 37 AD2d 835; *cf. Kraemer v T.C.R. Servs.,* 93 AD2d 808).

It is well settled that CPLR 3120 (a) (1) (i) requires that documents sought to be discovered be specifically designated and specified with reasonable particularity in the notice. The use of the descriptions "any", "all" or "any and all" renders the notice for discovery and inspection improper *(Jonassen v A.M.F., Inc.,* 104 AD2d 484, 485; *Ganin v Janow,* 86 AD2d 857). Accordingly, as plaintiff's notice for discovery and inspection demands production of "all" documents within broad categories, Special Term correctly vacated plaintiff's notice.

We have reviewed plaintiff's other contention and find it to be without merit. O'Connor, J. P., Niehoff, Rubin and Lawrence, JJ., concur.