■ LAWRENCE H. CARP, Appellant, v SHARON L. MARCUS, as Administratrix of the Estate of PATRICIA A. MARCUS, Deceased, et al., Respondents.—Weiss, J. Appeal (1) from an order of the Supreme Court at Special Term (Crew, III, J.), entered December 20, 1984 in Tompkins County, which, *inter alia,* granted defendants' motions to vacate plaintiff's discovery demands and awarded costs to defendants, and (2) from the judgments entered thereon.

The underlying lawsuit, arising out of the alleged stabbing of plaintiff by Patricia Ann Marcus, deceased, has had a tortuous history and been before this appellate court on four previous occasions. The instant appeal is from an order which granted motions by defendants for protective orders against plaintiff's several discovery motions and the two judgments which were entered against plaintiff. The first judgment is in the sum of $140 representing motion costs. The second judgment is in the sum of $67.95 representing costs and disbursements awarded defendant Stanley T. Marcus upon his successful motion to dismiss the complaint as against him. Plaintiff has appealed.*

Plaintiff's first contention challenging the propriety of the award of costs is without merit. Motion costs are discretionary and may be awarded to any party (CPLR 8106; *Matter of Kavares [MVAIC],* 29 AD2d 68, 72, *affd sub nom. Matter of McEntee [MVAIC],* 28 NY2d 939; Siegel, NY Prac § 414, at 549). Special Term decided seven motions adverse to plaintiff upon each of which $20 costs could properly be awarded (CPLR 8202).

The remainder of plaintiff's brief challenges the propriety of vacatur of his discovery demands. CPLR 3101 (a) provides for "full disclosure of all evidence material and necessary in the prosecution or defense of an action". The statute is liberally

---

* Special Term also granted an order dismissing the complaint as against defendant Stanley T. Marcus, the estranged husband of the deceased. It appears that plaintiff has not pursued the appeal from so much of the order as granted said dismissal.

construed with the test of required disclosure being "one of usefulness and reason" *(Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403, 406; *see also, Cynthia B. v New Rochelle Hosp. Med. Center,* 60 NY2d 452, 461). The burden is upon the party seeking disclosure to demonstrate that the method of discovery sought will result in disclosure of relevant evidence *(see, Herbst v Bruhn,* 106 AD2d 546, 549).

These principles in mind, examination of the discovery motions made by plaintiff shows, first, that the demand for a list of defendants' witnesses was properly denied. Defendants admit there were no eyewitnesses to the stabbing occurrence. Nor does the case involve a notice of defect or admission of a party. Plaintiff, therefore, is not entitled to the names of all witnesses who might testify as to his culpable conduct or assumption of any risk. Nor do we find either error or abuse of discretion by Special Term in the vacatur of plaintiff's demand for production of "all hospital, doctor, social worker, counselor, psychologist, therapist, reports that in any way relate to the mental, emotional, or psychological condition of [the deceased]". This demand is obviously overbroad and lacking in specificity *(see, Jonassen v A.M.F., Inc.,* 104 AD2d 484, 485-486; *see also, Rosenstock v Rosenstock,* 101 AD2d 904). Moreover, defendants could not be required to produce documents which they neither possessed nor controlled (CPLR 3120 [a] [1] [i]). Since the notice in question was palpably improper and involved privileged matter, Special Term properly reached the merits regardless of whether defendants' motion for a protective order was made in a timely fashion (CPLR 3122; *see, Lazan v Bellin,* 95 AD2d 751).

We similarly reject plaintiff's challenge to the portion of the order vacating the demand made upon the two law firms formerly representing the deceased for production of all correspondence, documents, statements, tape recordings, stenographic interviews and other records relating to the deceased. Although defendants failed to sustain their burden of proving that the documents were immune from discovery as privileged communications *(see, People v Mitchell,* 58 NY2d 368, 373), the demand was so patently vague and overbroad that vacatur was proper *(Jonassen v A.M.F., Inc., supra).* We further hold that the denial of plaintiff's demand for production of copies of all insurance carriers' reports which in any way relate to the deceased was proper, both on the ground that such documents (constituting material prepared for litigation against its insured) are immune from disclosure *(Grotallio v Soft Drink Leasing Corp.,* 97 AD2d 383) and because plaintiff has failed to

demonstrate the relevancy of the materials sought *(Herbst v Bruhn,* 106 AD2d 546, 549, *supra).* Finally, since a demand for interrogatories may only be made upon a party to an action (CPLR 3130 [1]), plaintiff's demands upon Stanley Marcus, against whom the complaint was dismissed, and Lawrence LeClair, an attorney, were properly denied.

Plaintiff's remaining contentions are without merit.

Order and judgments affirmed, with costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.