■ ROBERT BENZENBERG, Respondent, v TELECOM PLUS OF UPSTATE NEW YORK, INC., Appellant.—In an action to recover damages, *inter alia,* for intentional infliction of emotional distress and breach of contract, the defendant appeals from an order of the Supreme Court, Orange County (Rubenfeld, J.), dated May 29, 1985, which granted the plaintiff's motion to vacate the defendant's notice to produce and first series of interrogatories, with leave to the defendant to serve new interrogatories.

Order modified, by adding a provision thereto that the defendant is also granted leave, if it be so advised, to serve a new notice to produce in proper form. As so modified, order affirmed, with costs to the plaintiff.

CPLR 3120 (a) (1) (i) requires that documents sought to be discovered be specifically identified with reasonable particularity in a notice to produce. It is well settled that the use of the description "all documents" within broad categories, which was used in the instant case, renders the notice improper *(Hudson Val. Tree v Barcana, Inc.,* 114 AD2d 400; *Jonassen v A.M.F., Inc.,* 104 AD2d 484, 485; *Ganin v Janow,* 86 AD2d 857). Therefore, Special Term acted correctly in vacating the defendant's notice to produce. It also properly held that the interrogatories served on the plaintiff were overly broad and burdensome. Under the circumstances, it was within Special Term's discretion to strike, rather than to prune, the interrogatories *(see, Manzo v Westchester Rockland Newspapers,* 106 AD2d 492; *Barouh Eaton Allen Corp. v International Business Machs. Corp.,* 76 AD2d 873). However, while Special Term has provided that new interrogatories may be served, its order has been modified so as to provide that the defendant may also serve a new notice to produce in proper form, if it be so advised. Mollen, P. J., Thompson, Niehoff, Rubin and Kunzeman, JJ., concur.