■ BETH PICKENS, Respondent, v THEA G. HERCULES, Defendant, and ESTATE OF KENNETH CARROAD et al., Appellants.— Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered August 15, 1986, which (1) granted plaintiff's motion to compel compliance with a notice of discovery and inspection, in that defendant Mr. Jeffrey Carroad shall produce certain case files and financial books and records of Carroad, P. C., and (2) denied defendant Mr. Jeffrey Carroad's cross motion for a protective order, is unanimously reversed, as limited by the brief of defendants-appellants, on the law and on the facts, motion of plaintiff is denied, defendant Mr. Jeffrey Carroad is directed to permit plaintiff to inspect all of the financial books and records of Carroad, P. C., and the cross motion of defendant Mr. Jeffrey Carroad for a protective order is granted, as to the case files of Carroad & Carroad and Mr. Kenneth Carroad, without costs.

Mr. Kenneth Carroad practiced law with the firm of Carroad & Carroad. After Mr. Kenneth Carroad's death, in 1982, Carroad, P. C., which is a professional legal corporation, was formed, as the successor to Carroad & Carroad, in order to, in substance, wind up certain legal work, which was begun during the lifetime of Mr. Kenneth Carroad and carried on by Carroad & Carroad. Thereafter, in 1983, Ms. Beth Pickens (Ms. Pickens), who is an attorney admitted to practice before New York courts, and, who at that time was the wife of Mr. Jeffrey Carroad, became the sole officer, director and shareholder of Carroad, P. C. Mr. Jeffrey Carroad, who is a certified public accountant, is the son of deceased Mr. Kenneth Carroad.

Subsequently, in 1984, Ms. Pickens was granted a divorce from Mr. Jeffrey Carroad, and, allegedly the division of marital assets and the maintenance award are the only remaining issues of that matrimonial proceeding.

Also, in 1984, by summons and complaint, Ms. Pickens (plaintiff) commenced an action against defendants Ms. Thea Geotas Hercules, the estate of Kenneth Carroad and Mr.

Jeffrey Carroad for the delivery to plaintiff of the financial books and records of Carroad, P. C., and a judicial accounting, at the expense of the defendants, of all of the financial affairs of Carroad, P. C. Plaintiff alleges in the complaint that the defendants have denied her access to the financial books and records of Carroad, P. C., which she needs in order to dissolve this professional corporation.

Following the service of the defendants' answers, the plaintiff served defendants with a notice of discovery and inspection, which, in substance, demanded these defendants produce for inspection and/or copying "all documents having any connection with Carroad, P.C. * * * [and] all documents having any connection with Discount Equipment Leasing Corp."

In response, defendant Mr. Jeffrey Carroad moved for a protective order to vacate plaintiff's notice of discovery and inspection, mentioned *supra,* upon the grounds that, *inter alia,* this discovery request lacks specificity, seeks documents of nonparties Carroad, P. C., and Discount Equipment Leasing Corp., and seeks privilege matter, such as the "client lists" of both Carroad, P. C., and Discount Equipment Leasing Corp. Thereafter, plaintiff moved to compel the defendants to comply with the notice of discovery and inspection.

The IAS court treated defendant Mr. Jeffrey Carroad's motion for a protective order as a cross motion. Furthermore, the IAS court disposed of the subject motion and cross motion, in substance, as follows: (1) granted plaintiff's motion to compel compliance with the notice of discovery and inspection, and directed defendant Mr. Jeffrey Carroad to produce all open and closed case files "of Carroad, P.C. * * * [and these] case files shall include files received from Carroad & Carroad and Kenneth Carroad", and all financial books and records of Carroad, P. C.; and (2) denied the cross motion for a protective order.

Our examination of the defendants-appellants' brief indicates that they are only appealing from so much of the IAS order as directs the production of the case files of Carroad & Carroad and Mr. Kenneth Carroad.

The Court of Appeals held in *Allen v Crowell-Collier Publ. Co.* (21 NY2d 403, 406 [1968]), "The courts do undoubtedly possess a wide discretion to decide whether information sought is 'material and necessary' to the prosecution * * * of an action (see, e.g., *Paliotto* v. *Hartman,* 2 A D 2d 866) but that discretion is not unlimited". We have stated in *Corporation of Presiding Bishop v Solow Bldg. Corp.* (54 AD2d 830,

831 [1976]), that "Plaintiff is entitled only to disclosure of those records which are relevant to th[e] lawsuit".

When we apply the legal authority, discussed *supra,* to the instant matter, we find that the IAS court abused its discretion in directing that the case files of Carroad, P. C., including the case files of Carroad & Carroad and of Mr. Kenneth Carroad, be produced for plaintiff's inspection, since plaintiff has failed to show that those case files, mentioned *supra,* "are relevant" *(Corporation of Presiding Bishop v Solow Bldg. Corp., supra)* to the proof of plaintiff's right to the financial records of Carroad, P. C. In the record before us, we note that neither the complaint nor the plaintiff's notice of discovery and inspection seeks these case files.

Although we find that plaintiff is not entitled to the case files at this time, in view of the fact that plaintiff informs us that the IAS court, subsequent to the filing of the defendants-appellants' brief in the instant appeal, granted plaintiff leave to amend the complaint to seek the subject case files, we do not pass on the issue of whether the plaintiff may be entitled to such files at some future time.

Accordingly, we reverse the order of the IAS court, insofar as to deny plaintiff's motion to compel, direct defendant Mr. Jeffrey Carroad to permit plaintiff to inspect all of the financial records of Carroad, P. C., and grant defendant Mr. Jeffrey Carroad's cross motion for a protective order as to the case files of Carroad & Carroad and Mr. Kenneth Carroad. Concur —Kupferman, J. P., Ross, Asch and Smith, JJ.