■ CARL MESTMAN et al., Appellants-Respondents, v ARIENS COMPANY, Respondent-Appellant.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Orange County (Patsalos, J.), dated September 19, 1986, as granted those branches of the defendant's motion which were for a protective order, to the extent of vacating items Nos. 1, 2, 3, 5 and 12 of the plaintiffs' notice to produce dated June 20, 1986, insofar as they relate to predecessor models, and item No. 15, and the defendant cross-appeals from so much of the same order as denied those branches of its motion which were for a protective order with respect to certain other items of the plaintiffs' notice to produce, and limited vacatur of items Nos. 1, 2, 3, 5 and 12 only insofar as they relate to predecessor models.

Ordered that the order is modified by deleting the provisions thereof which granted those branches of the defendant's motion which were for a protective order to the extent of (1) vacating items Nos. 2 and 12 insofar as they relate to predecessor models, and substituting therefor provisions granting those branches of the motion to the extent of vacating items Nos. 2 and 12 insofar as they relate to predecessor models aside from model number 10962 for the model years 1968-1969 and 1969-1970 and model number 910962 for the model year 1970-1971, and (2) deleting the provisions thereof which granted those branches of the defendant's motion which were for a protective order with respect to items Nos. 5 and 15 and substituting therefor provisions granting those branches of the motion only to the extent of limiting the scope of discovery in items Nos. 5 and 15 to the studies made by the defendant with regard to the design of models numbers 10962 and 910962 for the market years 1968 through 1971 and otherwise denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from by the plaintiffs, without costs or disbursements; and it is further,

Ordered that the cross appeal is dismissed, without costs or disbursements, for failure to perfect the same in accordance

with the rules of this court *(see,* 22 NYCRR 670.20 [d], [f]); and it is further,

Ordered that the defendant's time to comply with the plaintiff's notice to produce dated June 26, 1986, as limited, is extended until 30 days after service upon it of a copy of this decision and order, with notice of entry.

In products liability cases, disclosure has been permitted with respect to other claims against the defendant, similar in nature to that asserted by the plaintiffs, whether such claims were made prior or subsequent to the plaintiffs' claim *(Bertocci v Fiat Motors,* 76 AD2d 779; *Johantgen v Hobart Mfg. Co.,* 64 AD2d 858). Aside from snowblower model number 10962 for the model years 1968-1969 and 1969-1970 and model number 910962 for the model year 1970-1971, which were identical or substantially similar to the model claimed to be defective (a 1971 snowblower model number 910962), the record contains insufficient proof that other predecessor models were sufficiently similar in design to sustain the expansive disclosure sought by the plaintiffs in items Nos. 2 and 12 of the notice of discovery and inspection *(cf., Bertocci v Fiat Motors, supra).* In limiting the scope of the information requested in items Nos. 2 and 12, the court should not have precluded disclosure with regard to predecessor model number 10962 for the model years 1968-1969 and 1969-1970 and model number 910962 for the model year 1970-1971 *(see, Valet v American Motors,* 105 AD2d 645).

Although attempts to designate documents by use of the word "any" has been disapproved on many occasions *(Zimmerman v New York City Tr. Auth.,* 115 AD2d 738; *Haroian v Nusbaum,* 84 AD2d 532; *City of New York v Freidberg & Assocs.,* 62 AD2d 407), an examination of the documents sought in items Nos. 5 and 15 makes evident the limited and specific subject matter to which each separate demand is directed. It is noteworthy that the requested material was addressed at the examination before trial of the defendant's manager of product conformance. To rule, as did the Supreme Court, that the items lack specificity simply because they start with the word "any" would be "to exalt form over substance and to frustrate the liberal discovery provisions which CPLR article 31 was designed to accomplish" *(see, Scheinfeld v Burlant,* 98 AD2d 603; *Palmieri v Kilcourse,* 91 AD2d 657). Nevertheless, the relevant time period should have been limited to studies of competitive products in the marketplace and studies of cost analysis pertaining to the installation of an operator's presence switch that were made by the defendant

in the normal course of business in designing models numbers 10962 and 910962 for the market years 1968 through 1971. Rubin, J. P., Kooper, Sullivan and Harwood, JJ., concur.