OPINION OF THE COURT
Gerard M. Weisberg, J.
The City of New York (City) moves for an order pursuant to CPLR 3124 compelling defendants, State of New York and Office of Mental Retardation and Developmental Disabilities *769 (OMRDD),[1] to produce numerous documents for inspection and copying. The motion followed service of a notice for discovery and inspection, dated August 5, 1987, which contains eight numbered requests. All except paragraphs "five” and "six” have been resolved.
This claim is for the recovery of $57,007.08, which represents payment allegedly made by the City for the treatment and care of a mentally retarded child, Andre Wilson. The City’s position is that it was forced to place Andre in Gracie Square Hospital, incurring the foregoing expense, because defendants did not comply with their statutory obligations to provide an alternative placement for him.
In its notice, the City seeks, among other things, lists of mentally disabled individuals who were awaiting admission, and lists of those actually admitted, to developmental centers or intermediate care facilities owned, operated or licensed by OMRDD within the City from March 1983 through April 1984, together with the date and name of the person or agency referring such individual. These are the disputed requests.
While defendants agree to produce the information with respect to facilities owned or operated by the State, with respect to licensed facilities, they will produce only those documents actually received from these third parties. The City finds this insufficient.
Article 31 of the Mental Hygiene Law prohibits any provider of services from engaging in the operation of a residential facility for the care, custody and treatment of the mentally disabled without an operating certificate issued by the Commissioner of OMRDD. It also authorizes the promulgation of regulations governing the issuance of such licenses and the record-keeping and reporting required of such facility. (See also, Mental Hygiene Law art 33.)
Specifically, while the facilities are under the day-to-day control of their own administrators appointed by their own governing bodies (14 NYCRR 681.4), they are required to admit patients in accordance with criteria set forth in the OMRDD manual (14 NYCRR 681.5), and to maintain comprehensive records for each patient. Each individual’s file must *770 contain, among other things, identification information, reports of his or her illness, treatment and progress. (14 NYCRR 681.11. ) The facilities must make these records available to OMRDD on demand. (Mental Hygiene Law § 31.11 [4]; 14 NYCRR 681.11, 681.12.)
Relying on this authority, the City argues that the documents it seeks are in defendant’s control and, therefore, must be collected and produced by them.
CPLR 3120 (a) requires the production by a party of specifically designated documents in its possession, custody or control. (See generally, 3A Weinstein-Korn-Miller, NY Civ Prac Ü 3120.16; cf., Rules of Bankruptcy Ct, SD NY, rule 14.2 [f] [3].)
A party cannot be compelled to create new documents, however, just to satisfy its adversary’s disclosure requests. (Corriel v Volkswagen of Am., 127 AD2d 729; Durham Med. Search v Physicians Intl. Search, 122 AD2d 529; Jonassen v A.M.F., Inc., 104 AD2d 484; Welsh v New York City Tr. Auth., 78 AD2d 550; First United Fund v American Banker, 127 Misc 2d 247.) To be entitled to production, the moving party must make at least a preliminary showing that the items sought exist, are relevant and are, or at least should be, in the possession, custody or control of the party served. (Pickens v Hercules, 134 AD2d 222; Linton v Lehigh Val. R. R. Co., 25 AD2d 334; accord, Norman v Young, 422 F2d 470; cf., Fugazy v Time, Inc., 24 AD2d 443.) In addition, when deciding whether to compel or excuse compliance with the demand, the court must weigh the relevancy of the matter sought and its availability from other sources against the burden production will visit on the producing party. (Gilbert-Frank Corp. v Guardsman Life Ins. Co., 78 AD2d 798; Ball v State of New York, 101 Misc 2d 554; see also, Cynthia B. v New Rochelle Hosp. Med. Center, 60 NY2d 452.) By this means, a balance is maintained with each side bearing its own share of the cost of discovery. (Rosado v Mercedes-Benz of N. Am., 103 AD2d 395.)
Applying the foregoing, first, the City has made no showing that the third-party facilities are themselves in possession of the information sought. While detailed record-keeping is mandated by regulations, the statistics required thereunder apparently differ from what the City seeks. (Compare, 14 NYCRR 681.11, with the notice.)
Second, claimants hope to show through these documents that defendants abused their discretion by giving a lower *771 priority to the placement of Andre Wilson than to the placement of mentally retarded children not in claimants’ care. How the placement history of 100 third-party, independently run facilities would prove this is unexplained. On the record before us, the documents are irrelevant.
Third, while defendants may demand the requested records —assuming they exist — from the facilities, they can also be sought directly by claimant pursuant to CPLR 3120 (b). (Cf., Gould v Sullivan, 54 NYS2d 430, affd without opn 269 App Div 737.) That they may be more accessible to the State, while a factor to be considered, is not determinative. The City is not merely seeking authorizations for the records to be turned over; it wants the State to collect the information for it. Absent a more definite showing that the material exists, is relevant and otherwise unobtainable, it is improper for movant to press defendants into their service.[2]
Accordingly, the motion, to the extent not previously resolved on consent, is denied.

. While prior case law disallowed the naming of agencies of the State, which are not separate entities, in an action before this court (see, e.g., Tillot v New York State Thruway Auth., 107 Misc 2d 229), the Court of Appeals recently approved the practice. (Morell v Balasubramanian, 70 NY2d 297.)

. Defendants failed to move for a protective order within 10 days of service of the August 5, 1987 notice. Inquiry into its propriety is, therefore, foreclosed (CPLR 3122) except as to requests which are palpably improper or privileged. (Carp v Marcus. 116 AD2d 854; Sprague v International Business Machs. Corp., 114 AD2d 1025.) On the record before us, we find the request palpably improper.