■ BONNIE BRESLAUER et al., Plaintiffs, v LILLIAN DAN et al., Defendants and Third-Party Plaintiffs-Appellants. ALDEN PORSCHE AUDI, Third-Party Defendant, and AUDI OF AMERICA, INC., Third-Party Defendant-Respondent.—In a third-party

action for contribution, the third-party plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Dowd, J.), dated December 21, 1987, as granted those branches of the third-party defendant-respondent's motion which were (1) to vacate the appellants' notice to produce dated August 20, 1987, (2) to compel them to furnish a copy of their expert's report, and (3) to compel them to further respond to certain interrogatories.

Ordered that the order is modified, by deleting the provisions thereof which granted those branches of the third-party defendant-respondent's motion which were to compel the appellants to further respond to interrogatories numbered 34 and 35, and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the appellants' time to give additional answers to the remaining interrogatories specified in the order appealed from and to furnish a copy of their expert's report is extended until 30 days after service upon them of a copy of this decision and order, with notice of entry.

According to the appellants, their use of the prefatory phrase "any and all" to describe the various documents in their notice to produce dated August 20, 1987, did not render their notice impermissibly vague or overbroad in violation of CPLR 3120 (a) (1) (i). Concededly, such language has been disregarded as mere surplusage so as to not exalt form over substance where the notice is directed at limited and specific subject matter *(see, Mestman v Ariens Co.,* 135 AD2d 516; *MCG Elecs. v Purcell,* 128 AD2d 843; *but see, Benzenberg v Telecom Plus,* 119 AD2d 717; *Hudson Val. Tree v Barcana, Inc.,* 114 AD2d 400). However, even when we disregard the "any and all" language in the notice before us, we find that its demands are overboard and nonspecific *(cf., Mestman v Ariens Co., supra).* Moreover, we note that the demands in the appellants' notice to produce, to the extent that they are specific, refer to an automobile model type that is not the same as the model type of the subject vehicle. Consequently, the items requested do not bear on this controversy and would not assist in the preparation for trial *(see, Conway v Bayley Seton Hosp.,* 104 AD2d 1018).

The appellants further contend that the Supreme Court erred when it directed them to provide their expert's report. We find this contention to be meritless. Pursuant to the 1985 amendment to CPLR 3101 (d), a party must, upon request, identify its expert witnesses and disclose (1) the subject matter

of the testimony expected to be given by its experts, including the substance of their facts and opinions, (2) the grounds for its experts' opinions, and (3) the qualifications of its experts (CPLR 3101 [d] [1] [i]). Furthermore, upon a showing of "special circumstances", a court may direct that an expert's report be disclosed (CPLR 3101 [d] [1] [iii]). At bar, the appellants admitted that the subject vehicle had been sold and was no longer in their possession. This constituted "special circumstances" permitting the court to direct disclosure of the expert's report (see, Siegel, Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, 1989 Supp Pamph, CPLR C3101:29, at 15-16).

Finally, the appellants contend that the Supreme Court erred when it ordered them to provide further responses to several interrogatories. Although failure to make a timely motion to strike interrogatories usually "forecloses all inquiry into the propriety of the information sought" (Corriel v Volkswagen of Am., 127 AD2d 729, 730), "[e]xceptions to this rule have been carved out where * * * the disclosure requests are 'palpably improper' * * * [when] the information sought * * * is not relevant to the issues in the case" (Handy v Geften Realty, 129 AD2d 556, 557, quoting from Heimowitz v Handler, Kleiman, Sukenik & Segal, 51 AD2d 702, 703). According to the appellants, interrogatories numbered 26 to 31 and 34 to 36 are palpably improper because they do not concern the cause of action pleaded in the third-party complaint (see, Mavroudis v State Wide Ins. Co., 102 AD2d 864). These interrogatories are prefaced with language referring to causes of action not pleaded. Still, we disregard this merely prefatory language so as to not exalt form over substance (see, Mestman v Ariens Co., supra). When we look at the nature of the information requested therein, we find that all but interrogatories numbered 34 and 35 seek information relevant to the lone cause of action stated in the third-party complaint: contribution for negligence. Consequently, only interrogatories numbered 34 and 35 are palpably improper and need no further response.

We have considered the appellants' remaining contentions and find them to be without merit. Kunzeman, J. P., Rubin, Eiber and Rosenblatt, JJ., concur.