■ JAMES A. SCUDDER, Respondent, v CHEMICAL BANK et al., Appellants.—In an action to recover damages for improperly dishonoring checks, the defendants appeal from an order of the Supreme Court, Nassau County (O'Brien, J.), dated June 22, 1990, which granted the plaintiff's motion for a protective order.

Ordered that the order is modified, by granting the plaintiff's motion only to the extent of vacating the demands for

the production of documents contained in paragraphs 7, 8, 9 (a), 9 (b), 9 (c), 17 (b), 17 (d), 18, 20, and 22 of the defendants' combined interrogatories and notice for discovery and inspection, and otherwise denying the plaintiff's motion; as so modified, the order is affirmed, without costs or disbursements, and the plaintiff's time to comply with the defendants' interrogatories and notice for discovery and inspection is extended to 30 days after service upon him of a copy of this decision and order, with notice of entry.

The requests for the production of documents contained in paragraphs 7, 8, 9 (a), 9 (b), 9 (c), 17 (b), 17 (d), 18, 20, and 22 are overly broad *(see,* CPLR 3120; *see, e.g., Benzenberg v Telecom Plus,* 119 AD2d 717; 3A Weinstein-Korn-Miller, NY Civ Prac ¶ 3120.17). However, we consider the defendants' demand for the production of the plaintiff's copy of his bank account application (paragraph 1) and for the production of copies of the checks alleged to have been dishonored (paragraph 5 [b]) to be proper. We also consider the information requested in the defendants' interrogatories to be within the proper scope of pretrial disclosure, and we do not agree with the Supreme Court that the interrogatories, which consist of 24 paragraphs (there being two paragraphs designated as number "9"), are overly burdensome. Mangano, P. J., Sullivan, Balletta and O'Brien, JJ., concur.