■ In the Matter of GENERAL ELECTRIC COMPANY, Respondent, v JOHN J. MACEJKA, as Assessor of the Town of Rotterdam, et al., Appellants, et al., Respondent. (And Three Other Related Proceedings.) [675 NYS2d 420] —Crew III, J. Appeal from that part of an order of the Supreme Court (Keniry, J.), entered October 24, 1997 in Schenectady County, which, in a proceeding pursuant to RPTL article 7, partially denied certain respondents' motion to, *inter alia*, compel disclosure of certain records and ordered said respondents to exchange and file certain appraisals.

Petitioner, the owner of certain real property located in the Town of Rotterdam, Schenectady County, commenced these proceedings for review of the real property tax assessments on said property for the years 1992 through 1996. After numerous inspections of the property by respondents' representatives, respondents requested certain discovery. Petitioner complied with the bulk of the discovery requests but refused to provide information that related primarily to profit and loss data of petitioner's business. Supreme Court denied respondents' request for petitioner's facility balance, profit and loss and revenue and expense sheets, survivorship studies, contract price allocations regarding overhead, depreciation, maintenance and operation, conversion studies and cost capital calculations. Supreme Court also denied respondents' motion to compel

certain of petitioner's executives to submit to depositions. Respondents appeal.*

Initially, we observe that the majority of the documents sought by respondents are nonexistent, and it is axiomatic that a party may not be compelled to create documents in order to comply with discovery demands (*see, Corriel v Volkswagen of Am.*, 127 AD2d 729, 731; *Jonassen v A.M.F., Inc.*, 104 AD2d 484, 486). Next, petitioner has asserted that the material sought, insofar as it relates to price, cost of materials or labor and profit figures, constitutes information of a proprietary nature and objects to disclosure on that basis. Our review of the record satisfies us that petitioner has made the necessary minimum showing that the material sought is a trade secret and that respondents have not demonstrated that discovery of same is indispensable (*see, Finch, Pruyn & Co. v Niagara Paper Co.*, 228 AD2d 834, 837, *appeal dismissed* 88 NY2d 979). For those reasons, we find that Supreme Court did not abuse its discretion in denying respondents' requested discovery and, accordingly, affirm.

Cardona, P. J., White, Yesawich Jr. and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.

---

* On this appeal respondents do not argue the issue of Supreme Court's denial of their request for examination of petitioner's executives, and we deem such issue waived.