■ JOSE CIRINEO, Appellant, v PEPSI COLA BOTTLING COMPANY OF NEW YORK, INC., Defendant, and KEY MATERIAL HANDLING EQUIPMENT CO. et al., Respondents. (And a Third-Party Action.) [687 NYS2d 674] —In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Vaughan, J.), dated February 27, 1998, as denied that branch of his motion which was to compel discovery and inspection of certain documents relating to vehicle model numbers FCG15N5 and FCG20N5.

Ordered that the order is affirmed insofar as appealed from, with costs.

CPLR 3101 (a) (1) provides for "full disclosure of all matter material and necessary in the prosecution or defense of an action", and the supervision of disclosure is generally left to the sound discretion of the trial court (*see, Silcox v City of New York,* 233 AD2d 494). The plaintiff failed to make some threshold showing of relevance between the vehicle models FCG15N5 and FCG20N5 for which items of discovery were sought and the vehicle identified as having been involved in the accident (*see, Fine v Facet Aerospace Prods.,* 133 FRD 439, 442; *Breslauer v Dan,* 150 AD2d 324, 325). Moreover, the record contains insufficient proof that vehicle models FCG15N5 and FCG20N5 are sufficiently similar in design to the vehicle claimed to be defective so as to sustain the disclosure sought by the plaintiff (*see, Breslauer v Dan, supra; Mestman v Ariens Co.,* 135 AD2d 516, 517). Bracken, J. P., Thompson, Goldstein and McGinity, JJ., concur.