Strout v CF E 88 LLC (2023 NY Slip Op 00969)

Strout v CF E 88 LLC

2023 NY Slip Op 00969

Decided on February 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 21, 2023

Before: Webber, J.P., Gesmer, Singh, Moulton, Scarpulla, JJ. 

Index No. 161439/19 Appeal No. 17373 Case No. 2022-03107 

[*1]Brian Strout, Plaintiff-Respondent,
v
CF E 88 LLC et al., Defendants-Appellants.

Cullen & Associates, P.C., New York (Kevin D. Cullen of counsel), for appellants.
Brian Strout, respondent pro se.

Order, Supreme Court, New York County (Sabrina Kraus, J.), entered June 15, 2022, which directed defendants to produce certain documents and directed the parties to appear for depositions, unanimously modified, on the law, to limit the scope of the emails to be produced under item five of the order, and to strike item seven of the order, and otherwise affirmed, without costs.
Supreme Court "has broad discretion over the discovery process, and its determinations will not be set aside absent a clear showing of abuse of discretion" (Rodney v City of New York, 192 AD3d 606, 606 [1st Dept 2021]). In its preliminary conference order, Supreme Court properly declined to strike plaintiff's discovery demands entirely, opting instead to prune them so that they were not overbroad (see Benzenberg v Telecom Plus of Upstate N.Y., 119 AD2d 717, 717 [2d Dept 1986]). However, item five of the order should be limited to the production of emails between defendants and the prior owner with respect to rent increases, discrepancies, and/or apartment classifications for the subject building.
Finally, a rent roll showing unit information in 2022 has no bearing on plaintiff's claims, as his apartment was deregulated in 2006. Thus, item seven of the order, which directs production of a current rent roll of all the apartments in the building, is not material and necessary for plaintiff to press this litigation (see CPLR 3101[a]; Forman v Henkin, 30 NY3d 656, 661 [2018]).
We have considered the remaining arguments and find them to be unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 21, 2023