In the Matter of the Application of FRANK SZELEST et al., Appellants, to Remove to the Supreme Court, Kings County, an Action now Pending in the City Court of the City of New York, Kings County, Entitled "*Frank Szelest and Leon Crawford*, Plaintiffs, v. *Brooklyn and Queens Transit Corporation*, Defendant." BROOKLYN AND QUEENS TRANSIT CORPORATION, Respondent.— Plaintiffs appeal from an order denying their motion for reargument of a motion. Appeal dismissed, without costs. An order denying a motion for reargument is not appealable. Close, P. J., Carswell, Adel, Lewis and Aldrich, JJ., concur.

HATTIE KAPLAN, Appellant, v. MANHATTAN LIFE INSURANCE COMPANY, Respondent.—In an action upon a policy of life insurance, order denying plaintiff's motion for an examination of the defendant before trial reversed upon the law and the facts, with ten dollars costs and disbursements, and the motion granted, without costs. As a defense to the policy the defendant pleads misrepresentations by the insured in the application for insurance. The policy· was issued on or about December 9, 1941. It is, therefore, within the provisions of section 149 of the Insurance Law, as amended, effective January 1, 1940. Subdivision 3 of that section expressly provides that in determining the question of materiality, evidence of the practice of the insurer which made such contract with respect to the acceptance or rejection of similar risks shall be admissible. The plaintiff is entitled to an examination of the defendant before trial to establish the practice of the insurer with respect to the acceptance of similar risks. The examination, however, should be limited to a period of three years prior to the date of the policy. The order should follow the form set forth in the notice of motion. Settle order on notice. Close, P. J., Carswell, Johnston, Lewis and Aldrich, JJ., concur.