THERESA MAROTTA et al., Respondents, v. JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Appellant.—

The examination shall proceed on 20 days' written notice or on any date mutually fixed by the parties by written stipulation. The plaintiffs are entitled to an examination of the defendant before trial to establish the practice of the insurer with respect to the acceptance or rejections of similar risks (*Kaplan* v. *Manhattan Life Ins. Co.*, 268 App. Div. 920; Rules Civ. Prac., rule 121-a; see, e.g., *Lindenbaum* v. *Equitable Life Assur. Soc. of U. S.*, 5 A D 2d 651). The defendant's home office is in Boston. It produced a doctor for examination who was one of its assistant medical directors and medical underwriters, who resided in Boston and who was employed in its home office. It is clear that no unauthorized changes in the decedent's application as amended by him were made and that the notations thereon which were made by defendant in the box labeled "Corrections and Amendments (For Home Office use only)," were made by the defendant for administrative purposes as authorized by subdivision 4 of section 142 of the Insurance Law. Therefore it was an improvident exercise of discretion to

require the defendant to produce a witness with knowledge of the facts with respect to changes in the application. It is true that a bill of particulars is often not an adequate substitute for an examination before trial to which a party is entitled (*Sasson* v. *Lichtman*, 277 App. Div. 1060). But here, when the minutes of the portion of the defendant's pretrial examination held heretofore are considered together with the bill of particulars which was furnished by the defendant after said examination, it was an improvident exercise of discretion to direct the defendant to produce a witness who had knowledge of the facts upon which the claims of misrepresentation were made. Nolan, P. J., Beldock, Ughetta, Christ and Brennan, JJ., concur.