■ UNITED STATES LIFE INSURANCE COMPANY IN THE CITY OF NEW YORK et al., Appellants, v. SEYMOUR ARENSTEIN et al., Respondents.— Order, entered on September 22, 1965, granting defendant's motion for a protective order vacating plaintiff's notice to examine two witnesses before trial, and denying plaintiff's cross motion for an order directing such examination, unanimously reversed, on the law, on the facts and in the exercise of discretion, with $30 costs and disbursements to appellants, the motion denied and the cross motion granted. Plaintiff Canada Life Assurance Company brought this action to rescind policies insuring the life of defendant Seymour Arenstein on the ground that he had made material misrepresentations of fact about his physical condition and medical history in his applications for the policies. When examined before trial Arenstein admitted hospital confinement at various times; but his professed

recollection of the nature of his ailments or of the tests, examinations and treatments prescribed by the two physicians he named, who are the witnesses the insurer seeks to examine, was frustratingly evasive and uninformative. The affidavits further indicate that one of the physicians had refused to discuss details of Arenstein's physical condition and medical history with the insurer's investigator although presented with a medical authorization contained in the applications for the policies in suit; and that until Arenstein's deposition was taken the insurer had not been aware that he had consulted the other physician. Plaintiff makes a sufficient showing of special circumstances to warrant its examination of the physicians (CPLR 3101, subd. [a], par. [4]; *Ortner* v. *Bankers Security Life Ins. Soc.*, 17 A D 2d 325). Arenstein's physical complaints and medical history are matters obviously material, even critical, to the issues in litigation, and the information about them that he appears able or willing to give is almost totally inadequate for litigation purposes, whereas they are fully and easily within the special knowledge and competence of his doctors. That one of these has already manifested reluctance to discuss Arenstein's medical affairs with plaintiff's investigator indicates a likelihood that he will be a hostile witness, and with the litigation at its present stage it would be naive to suppose that the other doctor is likely to be more co-operative. Settle order on notice fixing date for examinations to proceed. Appeal from order entered September 22, 1965 unanimously dismissed, without costs and without disbursements. No opinion. Settle order on notice. Order, entered on May 26, 1965 unanimously affirmed, without costs and without disbursements. No opinion. Settle order on notice. Order, entered on May 11, 1965, denying plaintiff's motion to vacate or modify defendants' demand for a bill of particulars, unanimously modified, on the law, on the facts, and in the exercise of discretion, to the extent of striking items 4(c) and 4(d) of the demand, and, as so modified, affirmed, without costs or disbursements. The stricken items would impose an extraordinary burden on plaintiff unjustified by any aspect of the issues. Plaintiff need not serve the bill until 10 days after completion of the examination of the two physicians authorized simultaneously herewith on the appeal in the action brought by Canada Life Assurance Company. Settle order on notice. Concur — Botein, P. J., Breitel, Stevens, Eager and Steuer, JJ.