## (October 23, 1969)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HEARD HARDEN, Appellant.— Order entered June 5, 1968, herein appealed from, unanimously reversed, on the law, and the matter remanded for a hearing, limited to the single issue whether defendant lost his opportunity to appeal the ruling on the *Huntley* hearing because he was not advised and was unaware of his right to do so (*People* v. *Montgomery,* 24 N Y 2d 130; *People* v. *Callaway,* 24 N Y 2d 127). Concur — Stevens, P. J., Eager, McGivern and McNally, JJ.

■ CONTROLLED WEATHER OF PENN. CORP., Also Known as CONTROLLED WEATHER CORP. OF PENN., Appellant, v. CONTEL CONSTRUCTION CORP. et al., Respondents.— Order entered February 17, 1969, unanimously affirmed, without costs and without disbursements. Inasmuch as the defendant Aetna Casualty and Surety Co. has stipulated to become a party to the Pennsylvania action and the plaintiff may obtain full relief in such action, we are affirming the dismissal of this action brought subsequently in this State. The circumstances justify the dismissal and a pendency of this action, with a stay thereof, is not required for the protection of the rights of the plaintiff. Concur — Stevens, P. J., Eager, Tilzer, McNally and Bastow, JJ.

■ ELENA PETERSON, Respondent, v. NEW ENGLAND MUTUAL LIFE INSURANCE COMPANY, Appellant.— Order entered January 9, 1969, and order entered February 24, 1969, unanimously modified on the law, the facts and in the exercise of discretion, without costs or disbursements, so as to direct examination before trial of defendant-appellant, but in a manner conforming with the following provisions: The examination of the Chief Medical Director of the defendant is permitted, or of a knowledgeable assistant, as to the practice of the insurer with respect to the acceptance or rejection of similar risks. At such examination appellant shall produce any documentary proof on which appellant may plan to rely at trial, whether such proof be in the nature of supporting rules or manuals reflecting underwriting standards, or references to past experiences involving the same or diseases similar to the one at issue, to buttress the conclusion that if defendant had known the medical history of the insured the policy would not have been accepted; without prejudice, however, to such further applications as may be indicated, following such examination. (See *Lindenbaum* v. *Equitable Life Assur. Soc. of United States,* 5 A D 2d 651; *Metropolitan Life Ins. Co.* v. *Blum,* 7 A D 2d 488, affd. 9 N Y 2d 954; *Orenstein* v. *Metropolitan Life Ins. Co.,* 18 A D 2d 1016; *Greene* v. *United Mut. Life Ins. Co.,* 38 Misc 2d 728, affd. 23 A D 2d 720; Insurance Law, § 149, subd. 3. Concur — Stevens, P. J., Eager, McGivern, Markewich and McNally, JJ.