■ STEPHEN G. GLATZER, Respondent-Appellant, v. MONARCH LIFE INSURANCE COMPANY, Appellant-Respondent.— Order, Supreme Court, New York County, entered on May 5, 1972, unanimously modified, on the law and the facts, to deny plaintiff-respondent-appellant's motion to vacate defendant-appellant-respondent's notice to take the deposition of a nonparty witness, and to grant defendant's cross motion to take that deposition and to delete from plaintiff's notice of discovery and inspection the items therein referred to as numbers 5 and 6, and otherwise affirmed, without costs and without disbursements. Adequate special circumstances exist to justify examination of the nonparty witness: he is plaintiff's personal physician who is said to have supplied information as to his patient's medical history appearing in his hospital record and claimed to be at variance with plaintiff's claim as to his physical condition at the time of application for defendant's insurance policy. (See CPLR 3101, subd. [a], par. [4]; *United States Life Ins. Co.* v. *Arenstein*, 24 A D 2d 978.) The items we have stricken are no different from those deleted at Special Term because of "undue burden, annoyance and expense." "Plaintiff's right to relief will have to be deferred until plaintiff is in a position to designate specifically the documents sought to be discovered." (*Rios* v. *Donovan*, 21 A D 2d 409, 411.) Concur — Stevens, P. J., Markewich, Kupferman, Murphy and Capozzoli, JJ.