■ GILBERT-FRANK CORPORATION, Respondent, v GUARDSMAN LIFE INSURANCE COMPANY, Appellant. — Order, Supreme Court, New York County, entered January 25, 1980, unanimously reversed to the extent appealed from, on the law, the facts and in the exercise of discretion, without costs, defendant's motion for a protective order granted and the notice to produce vacated, without prejudice to plaintiff's right to service of a proper notice of discovery after the conduct of depositions. This action was brought to recover the face amount of a $50,000 life insurance policy. The insurance company resists payment and counterclaims for rescission, alleging that the insured materially misrepresented the condition of his health by failing to disclose in an application form dated April 7, 1976, that he was hospitalized from April 2 to April 7, 1976, and there received treatment for diabetes mellitus, disorders of the blood, stomach and gall bladder, and that he was using drugs normally prescribed for treatment of high blood pressure. Plaintiff demanded that defendant produce, prior to its deposition, all applications for insurance received by defendant during the period May 20, 1973 through May 20, 1976 in which the applicant revealed, or it was thereafter discovered, that the applicant was suffering from any of the afore-mentioned disorders, or any of the approximately 15 additional and different disorders mentioned in defendant's answer. Plaintiff also demanded that defendant produce, in addition to its underwriting guides and manuals, "All records, statistics, documents, notes, memoranda, correspondence or other papers relating to the defendant's acceptance or rejection of the applications referred to [above]." This latter demand to produce, which does not designate the

documents and records to be produced with required specificity, is improper for reasons repeatedly stated by this and other courts (see, e.g., *City of New York v Friedberg,* 62 AD2d 407). We turn now to the principal issue presented, plaintiff's afore-mentioned notice to produce the insurance applications covering a three-year period, presumably pursuant to subdivision 3 of section 149 of the Insurance Law which provides: "In determining the question of materiality, evidence of the practice of the insurer which made such contract with respect to the acceptance or rejection of similar risks shall be admissible." Defendant sought a protective order against this notice to produce claiming that it would require the review of approximately 35,000 applications for insurance stored in handwritten files in a distant warehouse, and an expenditure of over four and one-half "man-years" of time and effort. Defendant further contended that its underwriting procedure, in connection with reviewing original applications or the materiality of facts not originally disclosed, is to refer to its underwriting manuals which provide the standard for decision in each case. Defendant offered to produce its senior vice-president and director of underwriting for deposition as well as portions of its underwriting manuals pertaining to the disorders affecting the insured and on which defendant bases its claim for rescission. (See *Peterson v New England Mut. Life Ins. Co.,* 33 AD2d 547; *Marotta v John Hancock Mut. Life Ins. Co.,* 14 AD2d 579; *Lindenbaum v Equitable Life Assur. Soc. of U. S.,* 5 AD2d 651.) Under the circumstances, plaintiff's demand that defendant produce the applications for insurance received during the specified three-year period imposed an inordinate burden on defendant and should have been stricken *(United States Life Ins. Co. of City of N. Y. v Arenstein,* 24 AD2d 978; *Glatzer v Monarch Life Ins. Co.,* 40 AD2d 771). If plaintiff serves a proper notice to produce specified documents after the conduct of depositions, Special Term will have the benefit of a record in which the issues are more fully developed, and will be better able to weigh plaintiff's need for discovery against the burden and expense imposed upon defendant by such disclosure. The present record is inadequate to make an informed determination in this regard. Concur — Murphy, P. J., Sandler, Ross, Silverman and Carro, JJ.