■ In the Matter of WARREN M. LEVIN, Respondent, v THADDEUS J. MURAWSKI, as Executive Secretary of State Board for Professional Medical Conduct of State of New York, Appellant. — Order, Supreme Court, New York County (Okin, J.), entered June 19, 1981 is reversed, on the law, petitioner's motion to quash the subpoena duces tecum issued by appellant is denied, and the cross motion compelling petitioner to comply with said subpoena is granted, and petitioner is directed to comply with said subpoena duces tecum, all without costs. The State Board for Professional Medical Conduct has subpoenaed the records of petitioner physician with respect to three named patients. The subpoena indicates that it is "in aid of an investigation by a Committee thereof to determine what action is to be taken as to WARREN LEVIN, M.D. concerning his alleged professional medical misconduct." In support of the subpoena, appellant, the executive secretary of the board, states that the Office for Professional Medical Conduct received a complaint alleging professional misconduct by petitioner concerning methods of treatment of particular patients. It is fairly implicit that the patients referred to are or include the patients whose records are sought by this subpoena. Section 230 (subd 10, par [a]) of the Public Health Law provides that the board "may investigate on its own any suspected professional misconduct, and shall investigate each complaint received regardless of the source." Paragraph (*l*) of subdivision 10 provides that the board "may examine and obtain records of patients in any investigation or proceeding by the board acting within the scope of its authorization." It further appears that a screening committee of the

board investigating the complaint found there was insufficient information available at the present time to make a determination whether or not a hearing would be warranted and requested that the investigation be continued, and that subpoenas be issued in aid of that investigation. In connection with the requirement of showing of justification for the administrative subpoenas, the Court of Appeals said in *Myerson v Lentini Bros. Moving & Stor. Co.* (33 NY2d 250, 257-260): "Logically, the showing required will depend on the breadth of the subpoena and the status of the investigation at the time the subpoena issues * * * [T]he showing to be made was related to the breadth of the inquiry and the extent of the investigation preceding the subpoena * * * In short, in this case, as was bordered upon in the *A'Hearn* case, the scope of relevancy and materiality overlaps with the risks and possible fact of unjustified harassment. Less of a showing should be required for a preliminary or tentative inquiry, and more for one that might otherwise be causelessly broadened into an unlimited examination of the business affairs of an enterprise (*Matter of A'Hearn v. Committee on Unlawful Practice of Law of N. Y. County Lawyers' Assn.*, 23 N Y 2d, at pp. 918-919; cf. *Carlisle v. Bennett,* 268 N. Y. 212, 217, *supra*)." In the present case we note that very limited scope of the subpoena, calling for the records of only three named patients and the preliminary and tentative nature of the inquiry. Further, the subpoena duces tecum does not require petitioner to testify. "Any person may comply with a subpoena duces tecum by having the requisite books, documents or things produced by a person able to identify them and testify respecting their origin, purpose and custody." (CPLR 2305, subd [b].) We think a sufficient basis has been shown for this very limited subpoena in this preliminary and tentative inquiry that is clearly designed to determine whether any basis exists for further investigation. Concur — Murphy, P. J., Sandler, Carro and Silverman, JJ.

Ross, J., dissents in a memorandum as follows: I concede that where an investigation, being conducted by an administrative agency, is preliminary or tentative, less of a showing of relevancy is required than would be mandated at a later stage of said inquiry. But I cannot accept the conclusion of this court that such a demonstration has been made by the respondent herein. The subpoena duces tecum, now under review, even though limited in scope, is utterly devoid of a showing, or even a minimal demonstration, of relevancy. In *Matter of A'Hearn v Committee on Unlawful Practices of Law of N. Y. County Lawyers' Assn.* (23 NY2d 916, 918), the court stated that where an administrative agency is seeking to enforce a nonjudicial subpoena "[t]here must be authority, relevancy, and some basis for inquisitorial action". In *A'Hearn,* the Appellate Division (30 AD2d 47) found that the nonjudicial subpoena involved in that case was relevant on its face and that court rejected the theory that there must be some factual basis to support enforcement of that subpoena. The Court of Appeals in a *Per Curiam* opinion affirmed the determination of the Appellate Division, but, nevertheless, made explicitly clear that, indeed, some factual basis to support the subpoena must be shown. The subpoena now before this court called for the production of "[a]ny and all records, documents or other writings" pertaining to three named patients of the petitioner. This subpoena declared, in mere conclusory fashion, that these items were relevant, without a hint as to such things as the scope of the investigation, the dates that these patients were treated by petitioner, or the basis for this action. In *Myerson v Lentini Bros. Moving & Stor.* (33 NY2d 250, 256), the sole case cited as authority by the majority of this court for its decision to grant the cross motion to compel petitioner to comply with this subpoena, the Court of Appeals, in a decision by Judge Breitel, reiterated that where public officials

seek to enforce a subpoena they "must show the records [sought] bear a reasonable relation to the subject matter under investigation and the public purpose to be served". Here a telling and fatal deficiency exists — there is not one scintilla of proof that the records of these three patients are related in any manner to this investigation. This is not to say that a "strong and probative basis for [the] investigation" (*Myerson v Lentini Bros. Moving & Stor., supra,* at p 258) need be demonstrated. All that is required is that the scope of the subpoena and the basis for its issuance be something "more than isolated or rare complaints by disgruntled [patients]" (*supra,* p 258). Presently, since respondent has not demonstrated the relevancy of the matters sought I can only conclude what the Court of Appeals has cautioned, that the complaints of these three patients are isolated instances brought on by suspicions of less than adequate medical treatment while under the care of petitioner. In *Virag v Hynes* (54 NY2d 437, 441-442), the Court of Appeals, late last year restated that when a subpoena issued by an administrative agency is challenged on the grounds that the material sought is irrelevant "it is incumbent upon the issuer to come forward with a 'factual basis' which establishes the relevancy of the items sought to the subject matter of the investigation before a witness will be compelled to comply with the subpoena's mandate * * * However, this requirement of subject matter identification is not very exacting". The court then went on to refer to the two requirements that the issuer must demonstrate to avoid the motion to quash. This minimal test was the same one referred to and cited with approval by the court in *Myerson* (*supra,* p 256) — "a reasonable relation to the subject matter under investigation and the public purpose to be served". The subpoena issued by the State Board for Professional Medical Conduct has completely failed to demonstrate, either in the subpoena itself or in the affidavits in support of the cross motion to comply, any factual basis for the relevancy of petitioner's records. To require compliance with this subpoena borders on denying petitioner his guaranteed rights to due process. The investigating body has not seen fit to even put forth a Lilliputian affidavit of relevancy. The petitioner has only been informed, in a most inconsequential manner, and in a most conclusory fashion, that the materials sought are relevant. There is indeed no way of determining, from these papers, whether the subpoena is fair or unfair, reasonable or unreasonable, or whether the records sought have a reasonable relationship to alleged claims of professional misconduct. With these barest of allegations, petitioner certainly cannot be charged with having adequate notice, nor have there been presented sufficient facts so that petitioner can prepare a defense, if required. (*Liberty Mut. Ins. Co. v City of New York Comm. on Human Rights,* 31 NY2d 1044.) Accordingly, I would affirm the order appealed from and quash the subpoena duces tecum.