■ ANONYMOUS, Respondent, v DAVID AXELROD, as Commissioner of Health of the State of New York, et al., Appellants. — Order, Supreme Court, New York County (Helman, J.), entered on December 24, 1981, reversed, on the law, and in the exercise of discretion, and the motion to enjoin and restrain enforcement of a subpoena duces tecum denied, without costs and without disbursements. Ross, J. P., Carro, Asch, Silverman and Milonas, JJ., concur in the following memoranda by Silverman, J., and Ross, J. P.:

Silverman, J. This action is brought in the form of an action for declaratory judgment and for an injunction. But, the relief sought is essentially to quash a subpoena duces tecum. There is, however, an established form of procedure for such relief, a motion to quash the subpoena under CPLR 2304. And indeed, plaintiff's motion sought relief under that section as well as CPLR 6311 and 6312, which relate to preliminary injunctions. Declaratory judgment is a discretionary remedy. "The discretion must be exercised judicially and with care * * * It is usually unnecessary where a full and adequate remedy is already provided by another well-known form of action * * * Where there is no necessity for resorting to the declaratory judgment it should not be employed." (*James v Alderton Dock Yards*, 256 NY 298, 305.) The procedure under CPLR 2304 is a full and adequate remedy, and accordingly, an action for declaratory judgment will not lie. By the same token, relief by way of injunction will not lie, there being an adequate remedy at law. The motion was also made under CPLR 2304 which governs applications to quash or modify subpoenas. That section provides, however: "If the subpoena is not returnable in a court, a request to withdraw or modify the subpoena shall first be made to the person who issued it and a motion to quash, fix conditions or modify may thereafter be made in the supreme court." It is clear that no request was made to the agency that issued the subpoena to withdraw or modify it before this application in the Supreme Court. This objection was explicitly raised in defendants' answer and

the fact that there was no such request is impliedly conceded in the reply affidavit submitted on behalf of plaintiff. It follows that the motion to quash the subpoena should have been denied, at least on this ground. Necessity for such a prior request is not obviated by casting the action in the improper form of an action for a declaratory judgment or for an injunction. Such a request may be particularly appropriate where, as here, plaintiff contends that the complaint concerning his conduct is a vindictive one arising out of a family dispute, and thus perhaps not a proper subject for extensive investigation by the State Board for Professional Medical Conduct. We do not pass on the other issues in the case. But this is not to be taken as agreement on our part, that the State Board for Professional Medical Conduct has no power to issue subpoenas to a physician in connection with an investigation of his conduct. (See Public Health Law, § 230, subd 10, pars [a], [k], [*l*].) Nor is it to be taken as agreement on our part that the answer sufficiently establishes an adequate factual basis for the issuance of the subpoena or an adequate showing that there is an investigation in progress, or that the committee on professional conduct has specifically approved the issuance of this subpoena.

Ross, J. P. I concur in the conclusion of my brothers that this order must be reversed because the plaintiff doctor has not exhausted his administrative remedies (CPLR 2304) in challenging the subpoena duces tecum served upon him by the defendant, State Board of Professional Conduct. However, even though we are not deciding the merits, I am compelled, in the interests of justice, to point out the insufficiency of the instant subpoena duces tecum (subpoena). On or about February 23, 1980, the plaintiff's wife committed suicide by ingestion of a fatal drug overdose. It is undisputed that she was pronounced dead by physicians, other than plaintiff. There is no evidence that plaintiff performed an autopsy on his wife's body. Further, there is nothing contained in the record that indicates that plaintiff was ever questioned by a District Attorney or any police agency concerning the circumstances of his wife's death. In view of the fact that plaintiff is a practicing physician, he is subject to the jurisdiction of the New York State Board for Professional Medical Conduct (Public Health Law, § 230). Pursuant to its power under the law, the board issued this subpoena to the plaintiff. In pertinent part this subpoena, dated June 4, 1981, requires plaintiff to: "appear before * * * [the] Executive Secretary of the State Board for Professional Medical Conduct, or his duly authorized representative, at the Office of the Department of Health, located at the New York State Department of Health, Office of Professional Medical Conduct, 901 North Broadway, White Plains, New York, on July 6, 1981, at 10:00 AM. o'clock in the forenoon or such other adjourned dates, times and places as the Executive Secretary or his representative may direct, then and there *to be examined and to testify regarding the* * * * [*plaintiff's alleged professional misconduct*] AND HAVE WITH YOU * * * [the] following which you have in your possession or under your control * * * Any and all medical records, reports of examinations and treatment, and other medical documents or writings pertaining to * * * [plaintiff's deceased wife], including but not limited to medical records, and medical examiner's autopsy report and other reports or documents, relating to * * * [her] death" (emphasis added). I concede that where an investigation, being conducted by an administrative agency, is preliminary, less of a showing of relevancy is required than would be mandated at a later stage of said inquiry. However, the subpoena now under review does not even meet this minimal standard. It is utterly devoid of relevancy. The board fails to allege anywhere in the record that: (a) it is actually conducting an investigation, or that (b) the subpoena has been issued for the purpose of gathering evidence to determine if there is any basis for going

further, or that (c) the subpoena has been issued "with the specific approval of a committee on professional conduct" as required by section 230 (subd 10, par [k]) of the Public Health Law. To require compliance with this subpoena borders on denying plaintiff is guaranteed right to due process, which he did not forfeit when he was licensed as a physician by this State. "It is ancient law that no agency of government may conduct an unlimited and general inquisition into the affairs of persons within its jurisdiction solely on the prospect of possible violations of law being discovered, especially with respect to subpoena duces tecum * * * There must be authority, relevancy, and some basis for inquisitorial action" (*Matter of A'Hearn v Committee on Unlawful Practice of Law of N. Y. County Lawyers' Assn.*, 23 NY2d 916, 918). There is indeed no way of determining, from this record, whether this subpoena is fair, reasonable or unreasonable, or whether the records and testimony sought have a reasonable relationship to the legitimate concerns of the board about plaintiff's professional conduct. We are denying the motion to restrain enforcement of the subpoena duces tecum on purely procedural grounds. However, this writer wishes to indicate that the subject subpoena duces tecum, in its present form, if properly brought before us, would require that I vote to quash. This court had a similar situation in *Matter of Levin v Murawski* (88 AD2d 529 [wherein I dissented and voted to quash]), and here the subpoena duces tecum is less specific than in *Levin,* indicates no relevancy, and demands petitioner testify, in what we can only assume is an investigation into a criminal matter. Accordingly, I find the subpoena duces tecum to be unreasonable.