■ ELISABETH JACKSON, Individually and as Mother and Natural Guardian of KADIEN JACKSON, an Infant, Appellant, v NORTH ATLANTIC LIFE INSURANCE COMPANY OF AMERICA, Respondent.—In an action to recover the face amount of a life insurance policy, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Vinik, J.), dated July 20, 1989, as (1) in effect, denied those branches of her motion which were to compel production of documents set forth in a notice for discovery and inspection dated August 15, 1988, and to direct the defendant's underwriter to appear at an examination before trial, and, (2) granted the defendant's cross motion to preclude her from using the prior deposition of the defendant's agent, Rui Nian Wang.

Ordered that the order is modified, by (1) adding a provision thereto granting that branch of the plaintiff's motion which was to direct the defendant's underwriter to appear at an examination before trial, (2) adding thereto a provision granting that branch of the plaintiff's motion which was to compel compliance with item No. 4 of her notice for discovery and inspection dated August 15, 1988, and (3) adding thereto a provision that the remaining portion of the plaintiff's motion which was to compel compliance with the other items of her notice for discovery and inspection is denied with leave to serve a more specific demand for documents upon the completion of the examination before trial of the defendant's underwriter; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the examination before trial of the defendant's underwriter shall be conducted at a time and place to be set by written notice of at least 10 days, or at such time and place as the parties may agree; and it is further,

Ordered that the documents set forth in item No. 4 of the notice for discovery and inspection shall be produced for

inspection on or before the date of the examination before trial of the defendant's underwriter.

Under the circumstances of this case, we find that the plaintiff is entitled to depose the defendant's underwriter with respect to the issue of whether the subject insurance policy should be rescinded based upon the insured's alleged misrepresentations in his application. The plaintiff is also entitled to inspect the portions of the defendant's underwriting manuals that are pertinent on this issue. However, the remaining items of the plaintiff's notice for discovery and inspection lack the requisite specificity. If the plaintiff serves a proper notice with respect to specified documents, after conducting the deposition of the defendant's underwriter, the Supreme Court will have the benefit of a record in which the issues are more fully developed and will be better able to assess the plaintiff's need for discovery against the burden and expense imposed on the defendant, as well as the need to safeguard the privacy interests of other policyholders whose applications the plaintiff wishes to inspect (see, Gilbert-Frank Corp. v Guardsman Life Ins. Co., 78 AD2d 798).

We also find that the Supreme Court did not improvidently exercise its discretion in precluding the plaintiff from using the prior deposition of Rui Nian Wang. We decline to consider the propriety of the defendant's answers to the plaintiff's interrogatories at this time, since that issue was not addressed in the Supreme Court and is not part of the record on this appeal. Mangano, P. J., Eiber, O'Brien and Ritter, JJ., concur.