OPINION OF THE COURT
Richard F. Braun, J.
This is a personal injury action. Plaintiff (Plaintiff) moves, *105 pursuant to CPLR 3103 and 2304, to quash the subpoena of a nonparty, Plaintiff’s treating physician. Defendant Columbia University (Defendant) cross-moves, pursuant to CPLR 3126, to strike Plaintiff’s expert response for the physician.
Pursuant to CPLR 3101 (d) (1) (iii), in order to obtain a court order permitting a deposition of an expert, “a showing of special circumstances” must be made. It is within the sound discretion of the court to which an application is made to determine whether any special circumstances have been shown (Brady v Ottaway Newspapers, 63 NY2d 1031, 1032 [1984]). Defendant has not made such a demonstration. Glatzer v Monarch Life Ins. Co. (40 AD2d 771 [1st Dept 1972]), cited by Defendant, is inapposite. That case was an insurance action. In this personal injury action, Defendant is seeking nothing special but rather seeks what could be sought by any defendant in this type of action: an opportunity to depose a plaintiffs treating doctor as to the plaintiff’s injuries. Such a request is impermissible, absent the required showing of special circumstances (Weinberger v Lensclean Inc., 198 AD2d 58, 59 [1st Dept 1993]).
Defendant is correct that a motion brought pursuant to CPLR 2304 must be made promptly. Promptly is interpreted to mean generally before the subpoena’s return date (Matter of Brunswick Hosp. Ctr. v Hynes, 52 NY2d 333 [1981]). Plaintiff made his motion before then. Under the circumstances, Plaintiff’s motion was timely.
Contrary to Defendant’s contention, “returnable in a court”, pursuant to CPLR 2304, is not the same thing as returnable in a courthouse. It means within a court action or proceeding. A request to withdraw a subpoena before bringing a motion to quash the subpoena only has to be made, pursuant to CPLR 2304, where the subpoena is not issued within a court action or proceeding. This requires the parties to attempt an amicable resolution before resorting to court where no action or proceeding is yet pending in court. According to the concurring opinions in Anonymous v Axelrod (92 AD2d 789 [1st Dept 1983]), relied upon by Defendant, that action concerned a nonjudicial subpoena issued by a State agency to appear before an agency, not a subpoena that was issued within a court action or proceeding. Thus, Anonymous v Axelrod offers no support for Defendant’s position. Therefore, Plaintiff’s motion to quash must be granted.
Defendant points out that Plaintiff’s CPLR 3101 (d) (1) (i) response originally was not signed. The attorney for Plaintiff *106 promptly corrected his failure to sign the reply, after Defendant’s attorney notified him of the omission, as required by 22 NYCRR 130-1.la (a). Thus, compliance with that provision occurred. Furthermore, CPLR 3101 (d) (1) does not apply to a treating physician (McGee v Family Care Servs., 246 AD2d 308 [1st Dept 1998]). Finally, Defendant has not demonstrated that-in relation to the reply, Plaintiff refused to obey an order for disclosure or acted willfully, and thus Defendant cannot invoke CPLR 3126. Therefore, Defendant’s cross motion must be denied.