■ HELEN SILLER, Appellant, v THE THIRD BREVOORT CORPORATION et al., Respondents. [44 NYS3d 40]—

Order, Supreme Court, New York County (Shlomo Hagler, J.), entered July 15, 2015, which granted defendants' motion to dismiss the second amended complaint with prejudice, unanimously affirmed, with costs.

The gravamen of the complaint is that defendants Third Brevoort Corporation and Diane C. Nardone, the president of the coop board, breached plaintiff's proprietary lease and a 1990 agreement under which plaintiff built a laundry room in her apartment by refusing to allow her to replace her broken washer and dryer with machines of her choice rather than any of the three brands that the coop's house rules, as amended in 2010, allow for replacement machines.

The governing agreements flatly contradict plaintiff's allegations of breach of contract (*see Leon v Martinez*, 84 NY2d 83, 88 [1994]). Plaintiff has not identified a single term or provision that gives her a contractual right in perpetuity to install any replacement laundry machine she chooses. She relies generally upon the board's approval of her plans to construct the laundry room in 1990 and the lease provision making her solely responsible for repairing her appliances, but nothing in those agreements gives her a right to repair the appliances in a manner that conflicts with the house rules. In fact, plaintiff concedes that she is required by the agreements to seek the board's approval before replacing her machines.

Plaintiff's reliance upon the provision of the lease requiring that any house rules be "reasonable" is unavailing (*Braun v 941 Park Ave., Inc.*, 32 AD3d 21, 24 [1st Dept 2006], *lv denied* 7 NY3d 717 [2006]). Even under a standard of reasonableness,

rather than the less stringent business judgment rule, plaintiff has not established a breach, since the house rule at issue is reasonable on its face and was not unfairly targeted at plaintiff.

Absent an underlying breach of contract, the claim for attorneys' fees under Real Property Law § 234 and paragraph 27 of the lease fails to state a cause of action. The claim for an injunction and declaratory relief is duplicative of the breach of contract claim (*see Anonymous v Axelrod*, 92 AD2d 789 [1st Dept 1983]); in addition, there has been no showing of irreparable harm (*see Unique Laundry Corp. v Hudson Park NY LLC*, 55 AD3d 382, 384 [1st Dept 2008]). The claim for declaratory relief under RPAPL 1515 is unsupported by an alleged adverse property claim by the coop (*East 41st St. Assoc. v 18 E. 42nd St.*, 248 AD2d 112 [1st Dept 1998]).

The claims asserted against Nardone for prima facie tort and tortious interference with contract, based on the speculative and far-fetched theory that Nardone blocked plaintiff's attempts to replace her washing machines in order to receive a kickback, fail to state causes of action. The claim that Nardone violated Judiciary Law § 487 by making false and misleading statements in an affirmation fails to state a cause of action, because Nardone is a party to this action who is represented by counsel and not acting in her capacity as an attorney (*see e.g. Seldon v Spinnell*, 95 AD3d 779, 779 [1st Dept 2012], *lv denied* 20 NY3d 857 [2013]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Friedman, J.P., Moskowitz, Webber, Kahn and Gesmer, JJ.