Mazzocchi v Gilbert (2020 NY Slip Op 03843)





Mazzocchi v Gilbert


2020 NY Slip Op 03843


Decided on July 9, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2020

Acosta, P.J., Manzanet-Daniels, Kapnick, Singh, González, JJ.


154922/18 -1579 11771

[*1] Frank Mazzocchi, Plaintiff-Appellant,
v
Vivienne Gilbert, Esq., et al., Defendants-Respondents.


Frank Mazzocchi, appellant pro se.
Braverman Greenspun, P.C., New York (Tracy Peterson of counsel), for Vivienne Gilbert and Howard J. Lazarus, respondents.
Thomas M. Curtis, respondent pro se.
Anderson Kill, P.C., New York (Grant E. Brown of counsel), for Deborah B. Koplovitz, Alan M. Goldberg, Bruce A. Cholost and Andrew J. Wagner, respondents.
Gallett Dreyer & Berkey, LLP, New York (Morrell I. Berkowitz of counsel), for Morrell I. Berkowitz, respondent.



Order, Supreme Court, New York County (Alan C. Marin, J.), entered on or about March 25, 2019, which, to the extent appealable, granted the motions of defendants Vivienne Gilbert, Esq., Howard J. Lazarus, Esq., Deborah B. Koplovitz, Esq., Morrell I. Berkowitz, Esq., Alan M. Goldberg, Esq., Bruce A. Cholst, Esq., and Andrew J. Wagner, Esq. to dismiss the complaint as against them, unanimously affirmed, without costs. Appeal from portion of the order that sua sponte dismissed the complaint as against defendant Thomas M. Curtis, Esq., unanimously dismissed, without costs, as nonappealable.
Plaintiff fails to state a cause of action for violation of Judiciary Law § 487(1) against defendants Berkowitz, Gilbert, and Lazarus because he does not allege that they acted as counsel of record in any legal proceeding to which he was a party (see Sun Graphics Corp. v Levy, Davis & Maher, LLP, 94 AD3d 669, 669 [1st Dept 2012]; Siller v Third Brevoort Corp., 145 AD3d 595, 596 [1st Dept 2016], lv denied 30 NY3d 905 [2017]). Plaintiff also fails to state a cause of action for violation of § 487(1) against defendants Koplovitz, Goldberg, Cholst, and Wagner because the allegations in the complaint do not give rise to the inference that their actions exceeded the bounds of routine advocacy (see Seldon v Lewis Brisbois Bisgaard & Smith LLP, 116 AD3d 490, 491 [1st Dept 2014], lv dismissed 25 NY3d 985 [2015]; see also Bill Birds, Inc. v Stein Law Firm, P.C., 34 NY3d 1084, [2020]). Plaintiff's claims that Koplovitz submitted affidavits containing misstatements or perjury are not sufficiently egregious to support a cause of action under § 487 because the statements related to immaterial facts (see Shawe v Elting, 161 AD3d 585, 588 [1st Dept 2018]).
The portion of the order dismissing the claims against defendant Curtis, which appear to be meritless and time-barred, was issued sua sponte and therefore is not appealable as of right (CPLR 5701[a][2]; see Sholes v Meagher, 100 NY2d 333, 335 [2003]; Hladun-Goldmann v Rentsch Assoc., 8 AD3d 73, 74 [1st Dept 2004]).
M-1579 - Mazzocchi v Gilbert, et al.
Motion to strike plaintiff's reply brief, denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 9, 2020
CLERK