KNIC LLC v New York City Economic Dev. Corp. (2021 NY Slip Op 05629)





KNIC LLC v New York City Economic Dev. Corp.


2021 NY Slip Op 05629


Decided on October 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 14, 2021

Before: Kapnick, J.P., Singh, Shulman, Pitt, Higgitt, JJ. 


Index No. 22507/16E Appeal No. 14379 Case No. 2018-900 

[*1]KNIC LLC, a Delaware Limited Liability Company, et al,, Plaintiffs-Appellants,
v
New York City Economic Development Corporation, Defendant-Respondent, Zachary W. Carter, in His Capacity as Corporation Counsel of the City of New York and Escrow Agent, Nominal Defendant.


Boies Schiller Flexner LLP, New York (Peter M. Skinner of counsel), for appellants.
James E. Johnson, Corporation Counsel, New York (Susan Paulson of counsel), for respondent.



Order, Supreme Court, Bronx County (Ruben Franco, J.), entered December 20, 2016, which, to the extent appealed from as limited by the briefs, dismissed the breach of contract and declaratory judgment causes of action, unanimously affirmed, with costs.
The clear and unambiguous language of section 2.01 of the parties' escrow agreement required plaintiffs to provide evidence to defendant of "the availability of debt financing satisfactory to [defendant] in its sole but reasonable discretion consisting of (i) a Senior Mortgage loan in the amount of at least Twenty-Five Million Dollars ($25,000,000), in the form of an executed and binding commitment from a lender and (ii) subordinate mortgage loans . . . in the form of one or more executed and binding loan agreements from one or more lenders." Plaintiffs' contention that they had only to show the availability of financing fails to give meaning to the language that specified that only "executed and binding commitment[s]" from lenders would be acceptable (see Nomura Home Equity Loan, Inc., Series 2006-FM2 v Nomura Credit & Capital, Inc., 30 NY3d 572, 581 [2017]). The term sheet on which plaintiffs rely does not satisfy this requirement. Thus, the claim that defendant breached the escrow agreement by directing the escrow agent not to release the lease was correctly dismissed. As the declaratory judgment claim is essentially duplicative of the contract claim, it too was correctly dismissed, and there is no need for a declaration in defendant's favor (see Siller v Third Brevoort Corp., 145 AD3d 595, 596 [1st Dept 2016], lv denied 30 NY3d 905 [2017]).
We reject plaintiffs' alternative argument that the escrow agreement should be voided because they entered into it under economic duress. Although defendant said that it would not perform under the pre-development agreement and turn over the lease unless plaintiffs entered into the escrow agreement, and plaintiffs could not obtain the lease from another source, as it was tied to unique real estate, plaintiffs cannot claim economic duress, because there were legal remedies available to them (see CRG at Arnot Mall, Inc. v Feehan, 177 AD3d 1135, 1138 [3d Dept 2019]). They were put on notice of defendant's new demands on April 25, 2014, five months before the pre-development agreement's closing deadline, and could have filed a lawsuit for specific performance or breach of contract. Moreover, by failing to repudiate the escrow agreement promptly, plaintiffs ratified or affirmed it (see Beltway 7 & Props., Ltd. v Blackrock Realty Advisors, Inc., 167 AD3d 100, 108 [1st Dept 2018], lv denied 32 NY3d 916 [2019]; Bank Leumi Trust Co. of N.Y. v D'Evori Intl., 163 AD2d 26, 30-31 [1st Dept 1990]).
We have considered plaintiffs' other arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 14, 2021