Matter of Ramirez v Selective Advisors Group, LLC (2022 NY Slip Op 01134)





Matter of Ramirez v Selective Advisors Group, LLC


2022 NY Slip Op 01134


Decided on February 22, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 22, 2022

Before: Renwick, J.P., Kennedy, Scarpulla, Rodriguez, Higgitt, JJ. 


Index No. 654670/20 Appeal No. 15345 Case No. 2021-01091 

[*1]In the Matter of Juan Ramirez, Jr., Petitioner-Appellant,
v
Selective Advisors Group, LLC, Respondent-Respondent.


Juan Ramirez, Jr., appellant pro se.
Hagan Coury & Associates, Brooklyn (Paul Golden of counsel), for respondent.



Appeal from so much of an order, Supreme Court, New York County (Andrew Borrok, J.), entered on or about March 9, 2021, as dismissed the petition, unanimously dismissed, without costs.
In this case commenced in 2020, petitioner seeks to vacate a judgment of confession entered in 2012. Petitioner's motion for a default judgment against respondent was granted on default. Respondent then moved to vacate the default and for leave to interpose an answer to the petition. Respondent did not seek dismissal of the petition. Respondent did not ask for such relief even informally; instead, it simply argued that it had meritorious defenses. The court vacated the default and dismissed the petition. "An appeal may be taken . . . as of right . . . 2. from an order . . ., where the motion it decided was made upon notice" (CPLR 5701[a]). However, there is no right to appeal an order that does not decide a motion on notice (CPLR 5701[a][2]; see Sholes v Meagher, 100 NY2d 333 [2003] ). Respondent made a motion upon notice, but did not move to dismiss the petition — it sought different relief. Hence, the portion of the order that dismissed the petition was sua sponte, and not appealable as of right (see e.g. Mazzocchi v Gilbert, 185 AD3d 438 [1st Dept 2020], lv denied 37 NY3d 908 [2021]; Hladun-Goldmann v Rentsch Assoc., 8 AD3d 73 [1st Dept 2004]). The proper procedure should have been for petitioner to move to vacate the dismissal order and appeal as of right if that motion was denied (CPLR 5701 [a][3] ). We decline to grant leave to appeal (CPLR 5701[c]) since petitioner did not move to vacate the February 2012 judgment by
confession within a reasonable time (see Mark v Lenfest, 80 AD3d 426 [1st Dept 2011]; see also Mazzocchi, 185 AD3d at 438 [dismissing appeal where claims appeared to be time-barred]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 22, 2022