AmTrust N. Am., Inc. v Pavloff (2022 NY Slip Op 02862)

AmTrust N. Am., Inc. v Pavloff

2022 NY Slip Op 02862

Decided on April 28, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 28, 2022

Before: Acosta, P.J., Manzanet-Daniels, Mazzarelli, Singh, González, JJ. 

Index No. 156855/19 Appeal No. 15836 Case No. 2021-01608 

[*1]AmTrust North America, Inc., Plaintiff-Respondent,
v
Sherri Pavloff et al., Defendants-Appellants.

Furman Kornfeld & Brennan LLP, New York (A. Michael Furman of counsel), for Sherri Pavloff, appellant.
Coffey Modica O'Meara Capowski LLP, White Plains (John F. Watkins of counsel), for Farber Brocks & Zane, appellant.
Ruskin Moscou Faltischek, P.C., Uniondale (Michael D. Brown of counsel), for respondent.

Order, Supreme Court, New York County (Shawn T. Kelly, J.), entered on or about April 6, 2021, which to the extent appealed from as limited by the briefs, denied defendants' motion to dismiss the amended complaint under CPLR 3211(a)(1) and (7), unanimously modified, on the law, to dismiss the cause of action for violation of Judiciary Law § 487(1), and otherwise affirmed, without costs.
The amended complaint states a cause of action for legal malpractice and the documents submitted do not utterly refute the factual allegations underlying that cause of action (see generally Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442 [2007]; Leon v Martinez, 84 NY2d 83, 87-88 [1994]; Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]; CPLR 3211[a][1], [7]). Dismissal of the cause of action for violation of Judiciary Law § 487(1) is, however, warranted. The amended complaint does not allege, and the documents submitted do not indicate, that defendant Sherri Pavloff's statement at the August 2017 proceeding in the underlying motor vehicle accident action was untrue. Even assuming Pavloff's statement was deceitful, it is not sufficiently egregious to support a § 487(1) cause of action (e.g. Mazzocchi v Gilbert, 185 AD3d 438, 438 [1st Dept 2020], lv denied 37 NY3d 908 [2021]; Shawe v Elting, 161 AD3d 585, 588 [1st Dept 2018], lv denied 32 NY3d 907 [2018]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 28, 2022