Matter of Ramirez v Selective Advisors Group, LLC (2022 NY Slip Op 07208)

Matter of Ramirez v Selective Advisors Group, LLC

2022 NY Slip Op 07208

Decided on December 20, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 20, 2022

Before: Manzanet-Daniels, J.P., Oing, Singh, Scarpulla, Pitt-Burke, JJ. 

Index No. 654670/20 Appeal No. 16952 Case No. 2021-04052 

[*1]In the Matter of Juan Ramirez, Jr., Petitioner-Appellant,
v
Selective Advisors Group, LLC, etc., Respondent-Respondent.

Juan Ramirez, Jr., appellant pro se.
Hagan Coury & Associates, Brooklyn (Paul R. Golden of counsel), for respondent.

Appeal from order, Supreme Court, New York County (Andrew Borrok, J.), entered on or about October 15, 2021, which denied petitioner's motion to rehear and/or to modify the court's prior order, entered on or about March 9, 2021, to the extent it sua sponte dismissed the petition, and granted respondent's cross motion for sanctions against petitioner in the form of attorneys' fees, unanimously dismissed, without costs.
This Court has already determined that the proceeding is time-barred. We recently declined to grant petitioner leave to appeal from the March order because he did not bring this proceeding "within a reasonable time" (Matter of Ramirez v Selective Advisors Group, LLC, 202 AD3d 608, 609 [1st Dept 2022], appeal dismissed 39 NY3d 931 [2022]). Even accepting petitioner's argument that there is no time limitation to challenging the void judgment by confession, it is uncontested that a motion to vacate a judgment by confession must be made "within a reasonable time" (see e.g. Matter of 4042 E. Tremont CafÉ Corp. v Sodono, 177 AD3d 456, 457 [1st Dept 2019]). This Court's prior ruling that petitioner did not bring the proceeding within a reasonable time is now law of the case (see Glynwill Invs. v Shearson Lehman Hutton, 216 AD2d 78 [1st Dept 1995]). Further, the court properly characterized petitioner's motion for a "rehearing" or "modification" of the March order as one for reargument, which is a nonappealable order (see CPLR 2221[d]; Grosso Moving & Packing Co. v Damens, 233 AD2d 128, 128 [1st Dept 1996]).
As petitioner has not advanced any argument with respect to the sanctions ruling, the appeal from that portion of the order is also dismissed as abandoned.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 20, 2022