Matter of Kosachuk v 9197-5904 Quebec, Inc. (2024 NY Slip Op 5640)

Matter of Kosachuk v 9197-5904 Quebec, Inc.

2024 NY Slip Op 5640

Decided on November 14, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 14, 2024

Before: Kern, J.P., Kapnick, Kennedy, Higgitt, O'Neill Levy, JJ. 

Index No. 158379/22 Appeal No. 3039-3040 Case No. 2023-03860, 2023-03869 

[*1]In the Matter of Chris Kosachuk, Petitioner-Appellant,
v
9197-5904 Quebec, Inc, et al., Respondents-Respondents. 

Christopher Kosachuk, West Chester, PA, appellant pro se.
Barton Sobel, Great Neck, New York and Mosser Legal, PLLC, Philadelphia, PA (Todd M. Mosser, of the bar of the Commonwealth of Pennsylvania, admitted pro hac vice, of counsel), for respondents.

Orders, Supreme Court, New York County (Lucy Billings, J.), entered July 5, 2023, which (1) denied the petition and dismissed this proceeding pursuant to CPLR 5015(a) (Dismissal Order); (2) denied petitioner's motion for a default judgment and dismissed the proceeding pursuant to CPLR 3215; and (3) granted respondents' motion to dismiss the petition pursuant to CPLR 3211, and for sanctions against petitioner pursuant to 22 NYCRR 130-1.1(c)(Case No. 2023-03869), unanimously affirmed, with costs. Second appeal from Dismissal Order (Case No. 2023-03860), unanimously dismissed, without costs, as duplicative.[FN1]
This proceeding is the result of a multi-jurisdictional dispute spanning more than 12 years between nonparty NLG, LLC (NLG), a mortgage lender, NLG's owner and principal, petitioner Christopher Kosachuk, and nonparty Elizabeth Hazan and related entities, predominantly with respect to the propriety of a roughly $5 million judgment by confession that was entered against NLG in February 2012 pursuant to CPLR 3218 (the Judgment by Confession). Kosachuk claims that the Judgment by Confession was entered into fraudulently and without his knowledge or consent by nonparty Raymond Houle, the president of respondent 9197-5904 Quebec, Inc. (Quebec), a foreign entity, as part of an elaborate scheme to offset a separate judgment that NLG held against Elizabeth Hazan. This petition represents one of the many attempts to vacate the Judgment by Confession by Kosachuk, NLG, and others.
The attempts to vacate the Judgment by Confession have carried on in the state, federal, and bankruptcy courts of New York, Pennsylvania, Delaware, and Florida for more than 12 years. Kosachuk, now proceeding pro seand as a purported third-party creditor of NLG, continues his attempts to vacate the Judgment by Confession through this proceeding and on appeal, even though prior attempts to do so in New York have been rejected. Most recently, this Court held that a related action to vacate the Judgment by Confession was "time-barred," as the petitioner in that action (NLG's former lawyer Juan Ramirez, another purported third-party creditor of NLG) had not sought to vacate the Judgment by Confession "within a reasonable time" (Matter of Ramirez v Selective Advisors Group, LLC, 202 AD3d 608 [1st Dept 2022], appeal dismissed and lv denied 39 NY3d 391 [2022]). On a second appeal to this Court, the panel determined definitively that the proceeding was "time-barred" (Matter of Ramirez v Selective Advisors Group, LLC, 211 AD3d 594 [1st Dept 2022], lv dismissed 40 NY3d 970 [2023]).
The relitigation of the case, yet again, is barred by res judicata, and because this petition, brought more than 12 years after the Judgment by Confession was entered and some 10 years after it was fully satisfied, is plainly time-barred. We also affirm the court's award of attorneys' fees against Kosachuk pursuant to 22 NYCRR 130-1.1, as he continues to advance frivolous arguments with respect to the Judgment [*2]by Confession through this petition and on appeal. The tortuous litigation history is reflective of the enormous waste of judicial resources expended on this case, with Kosachuk failing to take heed of the stern warnings issues by other courts in different jurisdictions and in this one, and his failure to even acknowledge this Court's definitive rulings in related proceedings. There is no ambiguity in these decisions: there is nothing left to challenge, this and any related cases are over, and any petition to challenge the Judgment by Confession is now time-barred.
The $15,000 sanctions award was amply supported and reasonable.
We have considered the remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 14, 2024

Footnotes

Footnote 1: Petitioner appeals from the same Dismissal Order in both Case Nos. 2023-03869 and 2023-03860.